DELTA (DELAWARE) PETROLEUM &
ENERGY CORPORATION, Appellant,

v.

HOUSTON FISHING TOOLS
COMPANY, Appellee.

No. 01–830–011–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1983.

Leo Ferris, Fort Worth, for appellant.

R. Owen Fugua, Dickinson, for appellee.

Before WARREN, DOYLE and DUG-
GAN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment rendered against the debtor on a sworn account.

Appellee filed a sworn account suit against appellant alleging that a balance of $6,116.14, was owed to it by appellant for oil well materials, supplies and services. Attached to the suit were copies of six invoices, labeled "A" thru "F".

Appellant filed a general denial. On October 6, 1982, appellee filed a motion for summary judgment alleging that it was entitled to judgment on the pleadings. The motion was set for hearing on October 20, 1982 and appellant was served with the motion and notice of setting on October 7. On October 19, 1982, appellant filed a sworn amended answer and a sworn affidavit of its Chairman of the Board, in opposition to the motion for summary judgment. Appellant's amended answer alleged that "the claim alleged in plaintiff's petition which is the foundation of plaintiff's action including Exhibit A, is as to this defendant wholly not just or true." The sworn answer also denied that it had ever had "an open or verified account with plaintiff", specifically denied owing any attorney's fees and alternatively stated that the attorney's fees prayed for were not "reasonable and necessary".

■ This answer is nothing more than a sworn general denial and is inadequate to put the veracity of the account in issue. *Solar v. Petersson*, 481 S.W.2d 212 (Tex. Civ.App.—Houston [14th Dist.] 1972, no writ.)

The sworn affidavit in opposition to the motion for summary judgment, made by Wilburn L. Stevens, stated that the affiant was Chairman of the Board of Directors and agent of defendant; that he had examined plaintiff's petition, including Exhibit A; that he had read the motion for summary judgment and was familiar with charges by the attorneys in the State of Texas and could state that the work alleged by plaintiff's attorney was not necessary and that

the charges were not reasonable; that he had examined each of the invoices and there was no invoice that was correct either as to the amount charged, work done, or services rendered; and that any materials and labor, if any, were ordered by Jack Miles, Inc., which should be solely responsible for the billing thereon.

Appellant did not attend the hearing on the motion for summary judgment, nor did it file any post-trial motions in an attempt to have the judgment set aside or modified.

Appellant contends that the trial court erred in these respects:

(1) In granting the motion for summary judgment because the motion was not served on appellant at least 21 days prior to hearing;

(2) in granting the motion when appellant's affidavit in opposition precluded said judgment; and

(3) in granting appellee 12% prejudgment interest.

Each of these points of error is overruled.

■ Appellant argues that since it only received notice of the summary judgment hearing on October 7, 1982, it did not receive the full 21 days notice required by Tex.Rules of Civil Pro. 166-A, subsection (c). This is true. However, appellant made no motion for continuance, did not appear at the hearing, and made no post-trial motion complaining of the lack of notice. That constituted a waiver of his right to receive 21 days notice before the hearing.

■ Although an appellant's contention that he was given no notice of a summary judgment hearing would place in question the court's jurisdiction to hear the motion, an allegation that a party received less notice than required by statute does not present a jurisdictional question and therefore may not be raised for the first time on appeal.

Appellant's first point of error is overruled.

 Appellant's second point of error urges that its affidavit in opposition to the motion for summary judgment should in all things be considered true and that using this test, the affidavit clearly refutes the invoices used by appellee as a basis for its motion. Specifically, appellant states that the phrase "I have examined each and every invoice and there is no invoice that is correct either as to the proper amount charged, work done or services rendered", included in Mr. Steven's affidavit in opposition to the motion for summary judgment, clearly refutes the invoices used by appellee as a basis for the motion. This allegation misses the point. Tex.R.Civ.Pro. 185 and 93(k) prescribe a procedure for the stating of and denial of sworn accounts. Courts are extremely exacting in the nature of the language used in sworn denials of accounts. *Crystal Investments v. Manges*, 596 S.W.2d 853 (Tex.1980); *Solar v. Petersson, supra. Goodman v. Ant Reproductions Corp.*, 502 S.W.2d 592 (Tex. Civ.App.—Dallas 1973, writ ref'd n.r.e.) The language contained in appellant's amended answer is insufficient to refute the sworn account filed by appellee. Since appellant failed to comply with the rules pertaining to denial of a sworn account, it may not thereafter dispute the receipt of the items or services, or the correctness of the stated charges. *Rizk v. Financial Guardian Ins. Agency*, 584 S.W.2d 860 (Tex.1979).

Appellant's second point of error is overruled.

In its remaining point of error, appellant alleges that the trial court erred in allowing 12% prejudgment interest from the 61st day after the invoices until the date of judgment. Tex.Rev.Civ.Stat.Ann. art. 5069, § 1.03 limits the rate of interest on all accounts to six per cent per annum, when no specified rate of interest is agreed upon by the parties.

 Each of the six invoices made the basis of this suit contained a printed notation, as follows: "Net 30 days from date of invoice, 12% interest per annum charged on past due amounts." The invoices were sent over a period of three months and there is no evidence that any of the invoices were questioned prior to trial. *Preston Farm & Ranch Supply, Inc. v. Bio Zyme Enterprises*, 625 S.W.2d 295 (Tex.1981) held that when the appellant continued purchasing goods from the appellee, without objection, receiving invoices clearly stating that services charges were being imposed, there was evidence of a course of conduct which gave rise to an agreement to pay interest of 12% per annum on past due accounts. We follow *Preston Farm* and hold that there was evidence of an implied agreement to pay interest on the past due accounts at the rate of 12% per annum. This point of error is overruled.

The judgment of the trial court is affirmed.