Woodrow **WILSON**, Jr., and Woodrow Wilson, III, Appellants,

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

No. 01–93–00849–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1994.

Opinion Overruling Rehearing and Rehearing En Banc May 25, 1995.

Charles Freeman, Houston, for appellant.

Libbye C. Howard, Houston, for appellees.

Before HEDGES, MIRABAL and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

This is an appeal from a summary judgment rendered in favor of General Motors Acceptance Corporation (GMAC) against Woodrow Wilson, Jr., and Woodrow Wilson, III (the Wilsons). We affirm.

## PROCEDURAL HISTORY

In April 1990, the Wilsons purchased a 1991 GMC Sonoma Pickup truck from Frank Gillman Pontiac/GMC (Gillman). The Wilsons signed a retail installment sale contract payable to Gillman, which Gillman assigned to GMAC. On February 16, 1993, GMAC sued the Wilsons, and alleged that the Wilsons had not paid the installment payments required by the contract, that the truck had been repossessed and sold, and that a deficiency of $5,446.37 remained due and owing. The Wilsons filed a verified denial and alleged that they had not received proper notice of the sale of the pickup. They also pled the affirmative defenses of negligence, fraud, and illegality.

On May 26, 1993, GMAC filed a motion for summary judgment. A hearing on the motion for summary judgment was set for June 16, 1993. On June 10, 1994, the Wilsons filed a written objection to the hearing because it did not provide 21 days notice as required by TEX.R.CIV.P. 166a(c). The Wilsons also filed a response to the summary judgment.

After the Wilsons objected, the trial court passed the hearing set for June 16, 1993. Counsel for GMAC requested a new hearing setting for July 21, 1993, and on June 17, 1993, sent the Wilsons' counsel a copy of the request with an accompanying order for the trial judge's signature. On June 18, 1993, the trial judge signed the order setting the hearing for July 21, 1993. The hearing was reset for July 21, 1993. Counsel for the Wilsons did not appear at the hearing on July 21, 1993, at which the trial court rendered summary judgment in GMAC's favor. The clerk mailed a notice of judgment to the Wilsons on July 21, 1993. The Wilsons did not file a motion for reconsideration or a motion for new trial. The judgment became final 30 days after it was signed. TEX. R.CIV.P. 329b(d).

## NOTICE OF SUMMARY JUDGMENT HEARING

In point of error two, the Wilsons contend that the trial court erred by granting summary judgment because GMAC did not properly serve them with notice of the summary judgment hearing that was held on July 21, 1993. However, the record shows that the Wilsons made no motion for continuance, did not appear at the hearing, and made no post-trial motion complaining of the lack of notice.

■ On the sixtieth day following the entry of judgment [1], the Wilsons filed a formal bill of exceptions asserting lack of notice of the July 21, 1993, hearing. The trial court refused to sign and file the bill of exceptions with the clerk on the basis that it was untimely filed. The bill of exceptions is part of the record on appeal.

We find that, for purposes of this appeal, the Wilsons have waived their objection to the summary judgment hearing and subsequent entry of judgment. A bill of exceptions did not preserve this error for appellate review. TEX.R.APP.P. 52(d) requires a motion for new trial to preserve an appellate complaint in the circumstances described in TEX.R.CIV.P. 324(b). TEX.R.CIV.P. 324(b) provides that a motion for new trial is required in all instances in which evidence must be heard.

■ To establish lack of proper notice, the Wilsons would have had to introduce evidence to controvert the certificate of service attached to GMAC's request for hearing on July 21, 1993, and proposed order. The certificate of service is prima facie proof that proper service was made. TEX.R.CIV.P. 21(a). A motion for new trial was the proper method by which the Wilsons could introduce evidence to controvert such prima facie proof. The bill of exceptions is not based on evidence in the record, and its contents do no more than raise a fact issue. A complaint that a party received less notice than is statutorily required is not a jurisdictional error, and cannot be raised for the first time

---

1. The sixtieth day fell on a Sunday. The Wilsons timely filed their bill of exceptions on the following Monday, the next day which was not a Saturday, Sunday, or legal holiday. TEX. R.CIV.P. 4.

on appeal. *Delta Petroleum & Energy Corp. v. Houston Fishing Tools Co.*, 670 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ).

## PROPRIETY OF SUMMARY JUDGMENT

■ In point of error one, the Wilsons contend that GMAC's summary judgment is precluded by genuine issues of material fact. To obtain a summary judgment, a plaintiff-movant must (1) prevail on each element of the cause of action, and (2) produce evidence that would be sufficient to support an instructed verdict at trial. *Gulf, Colorado & Santa Fe. Ry. Co., v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); *Braden v. New Ulm State Bank*, 618 S.W.2d 780, 782 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The defendant-nonmovant then has an opportunity to show that the movant did not prove that there were no material issues on the essential elements of each of the movant's claims. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). We must examine GMAC's summary judgment proof as well as the Wilsons' controverting proof to determine whether GMAC established its right to recover as a matter of law.

### GMAC's Summary Judgment Proof

In support of its motion for summary judgment, GMAC introduced the affidavit of Carlene Shannon, the special collections manager for GMAC. Shannon testified that she was the custodian of records for GMAC, and authenticated three exhibits as business records. Those exhibits are:

(A) A retail installment contract between the Wilsons, as buyers, and Gilman, as seller, for the sale of a 1991 GMC Sonoma pickup truck. Under the terms of this contract, the Wilsons were obligated to make 60 monthly payments of $292 beginning on May 26, 1990. The contract also shows that it was assigned to GMAC.

(B) Letters from GMAC to the Wilsons that informed them that because they had failed to make two payments, the truck

had been repossessed. The letters also informed the Wilsons that the vehicle was being held until it could be disposed of at a private sale. The date and place of the sale were included. The Wilsons were told how to redeem the vehicle. Lastly, they were informed that if the vehicle was sold, they would be responsible for any deficiency.

(C) A repossession accounting statement indicating that GMAC sold the vehicle for $5,800, and that after the appropriate credits and offsets were calculated, a deficiency of $5,446.37 remained.

Shannon's affidavit also alleges that the Wilsons "[f]ailed to make the payments as they became due in accordance with the Contract, defaulting ... April 26, 1992 thorugh [sic] June 26, 1992." She also states that on July 21, 1992, the vehicle was repossessed. Shannon further alleges that on August 4, 1992, the vehicle was sold at Big H Auto Auction, by private auction, to the highest bidder, and that the sum received was a fair and reasonable price for the condition and type of vehicle sold.

### The Wilsons' Response

In opposition to GMAC's motion for summary judgment, the Wilsons filed the affidavit of Sherman Wilson, brother and son of the Wilsons, who swore to the exact allegations that appeared in the Wilsons' answer. No facts supporting the allegations were included in the affidavit.

The Wilsons contend that GMAC's evidence is insufficient to support its summary judgment because: 1) Shannon's affidavit is based on hearsay, not personal knowledge; and 2) material questions of fact exist as to the Wilsons' affirmative defenses.

### Objection As To Form

■ To preserve error concerning defects in the form of summary judgment affidavits, a party must specifically point out the defect by objection to give the opposing party an opportunity to amend. Tex.R.Civ.P. 166a(f). An unchallenged defect is waived and cannot be raised for the first time on

appeal. An unchallenged defect can support an affirmance of a summary judgment. *Youngstown Sheet & Tube Co., v. Penn*, 363 S.W.2d 230, 234 (Tex.1962). Hearsay in an affidavit is a defect in form. *Id.* at 233. Because the Wilsons never raised an objection about the form of Shannon's affidavit before the trial court, their objection that it was based on hearsay is waived.

## FAILURE TO ESTABLISH CAUSE OF ACTION AS A MATTER OF LAW

The Wilsons also contend that GMAC's summary judgment proof did not establish the elements of its cause of action as a matter of law because genuine issues of material fact remain. Specifically, they assert that GMAC failed to establish that as a matter of law, no fact issue exists concerning the sworn denials of the following:

(1) that GMAC's security interest is valid;

(2) that GMAC sent the Wilsons 10–days' notice of the sale; and

(3) that the sale was conducted in a commercially reasonable manner.

### *Valid Security Interest*

The security interest granted to Gilman and assigned to GMAC is described in the retail installment contract executed by the Wilsons and made a part of the summary judgment record. There is nothing in that document to suggest that the security interest was irregular or invalid. Although the Wilsons argue in their opposition to the motion for summary judgment that the security interest was invalid, they offer no facts which would support that assertion. The Sherman Wilson affidavit does not reference the validity of the security interest. We find that GMAC established as a matter of law that it had a valid security interest in the vehicle.

### *10–Days Notice of Sale*

The Wilsons argue that GMAC did not establish as a matter of law that it sent them a written notice of sale at least 10 days before sale of the vehicle. We disagree. In her affidavit, Shannon swears that GMAC mailed a notice of sale by regular mail to both Wilsons on July 21, 1992. A copy of each notice letter is attached to the affidavit. Sherman Wilson's sworn statement that GMAC did not send them the required notice, without facts that would establish his personal knowledge, is inadequate to create a fact issue where none exists. There is no sworn affidavit from either of the defendants stating that they did not receive the notice letter.

### *Commercially Reasonable Sale*

The Wilsons argue that GMAC did not establish as a matter of law that the sale of the vehicle was commercially reasonable. Sherman Wilson's affidavit, which contains only a sworn allegation that the sale was not commercially reasonable, does not raise a fact issue. We must look to GMAC's proof to determine whether it established this element as a matter of law.

In her affidavit, Shannon swears to the following facts:

(1) after mailing notice of sale to the Wilsons, the vehicle was sold at Big H Auto Auction;

(2) it was sold at a private auction;

(3) it was sold to the highest bidder, Wayne Childers Auto Sales;

(4) the purchase price was $5800;

(5) the sum was a fair and reasonable price for the vehicle;

(6) a deficiency of $5446.37 remained on the debt, as itemized on an attached schedule.

We find that the affidavit contains sufficient information to establish as a matter of law that the sale was conducted in a commercially reasonable manner. The burden shifted to the Wilsons to raise a fact issue, which they failed to do.

We distinguish this case from *Daniell v. Citizens Bank*, 754 S.W.2d 407, 410 (Tex. App.—Corpus Christi 1988, no writ), which reversed a summary judgment because the

movant's proof did not establish commercial reasonableness as a matter of law. In *Daniell*, the supporting affidavit failed to indicate where or under what conditions the sale took place whereas, in the case before us, these facts are supplied.

**Affirmative Defenses**

▉▉▉▉ The Wilsons pled three affirmative defenses which they contend raise fact issues sufficient to thwart a summary judgment. A plaintiff who conclusively establishes the absence of a disputed fact issue will not be prevented from obtaining summary judgment merely because the defendant has pleaded an affirmative defense. *Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Kirby Exploration Co., v. Mitchell Energy Corp.*, 701 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). An affirmative defense will prevent summary judgment only if each element of the defense is raised by evidence that would be admissible at trial. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

▉▉▉▉ There is no summary judgment proof in the record to establish each element of negligent sale, fraud, or illegality. Sherman Wilson's sworn reiteration of conclusory pleadings allegations, without specific facts to support them, is inadequate to raise a fact issue. We find that the Wilsons failed to raise a fact issue to preclude GMAC's entitlement to summary judgment.

We overrule the sole point of error.

We affirm the judgment of the trial court.

## OPINION ON MOTIONS FOR REHEARING AND REHEARING EN BANC

The Court has considered the Wilsons' motion for rehearing and rehearing en banc, which we deny. However, we write this opinion to address several issues raised by the dissent from the denial of rehearing and rehearing en banc.

▉▉▉▉ The dissent argues that GMAC's motion for summary judgment contains no grounds for summary judgment and is legally insufficient as a matter of law under *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993). However, this issue was not raised by the Wilsons' brief or in their motion for rehearing as a ground for reversal. This Court may not reverse the judgment of a trial court for a reason not raised in a point of error. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993).

▉▉▉▉ The dissent argues that GMAC failed to plead that the sale of the vehicle was conducted in a commercially reasonable manner. We agree that commercial reasonableness of the sale was an element of GMAC's cause of action; however, we know of no authority that requires GMAC to use the words "commercially reasonable" in its pleadings to describe the sale of the vehicle.

▉▉▉▉ The dissent believes that the Wilsons challenged GMAC's summary judgment affidavit as hearsay. In their counter-affidavit, the Wilsons alleged that the summary judgment evidence did not constitute proof that GMAC sent notice of the sale. They also alleged that Shannon's affidavit did not constitute evidence that the sale was conducted in a commercially reasonable manner. This simply is not a hearsay objection. We read appellants' objections to be a challenge to the sufficiency of the summary judgment evidence to prove the requisite elements, not a hearsay objection.

▉▉▉▉ Finally, the dissent complains that Shannon did not state in her affidavit that the sale of the vehicle was conducted in a commercially reasonable manner, even though she gave detailed facts about the sale. Not only is such a statement not required, it would have been improper. Affidavits must state facts, not legal conclusions. Legal conclusions or conclusory statements will not support summary judgment as a matter of law. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991).

We **OVERRULE** the Wilsons' motions for rehearing and rehearing en banc.

O'CONNOR, J., dissents from the denial of rehearing.

On motion for rehearing en banc, OLIVER–PARROTT, C.J., and COHEN, HUTSON–DUNN, MIRABAL, WILSON, HEDGES, ANDELL, and TAFT, JJ., vote to deny.

O'CONNOR, J., dissents from the denial of rehearing en banc.

O'CONNOR, Justice, dissenting.

I dissent on rehearing. This summary judgment is fraught with problems. The majority focuses its attention on the problems of the Wilsons' response; I focus on the problems of GMAC's motion.

First, the motion itself contains no grounds for the summary judgment and violates the rule in *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993).[1] In *McConnell*, the Supreme Court said even if the non-movant does not except or respond to such a motion, it is legally insufficient as a matter of law. *Id.* at 342.[2]

Second, GMAC did not plead in its original petition, in its motion for summary judgment, or the affidavit attached to the motion that the sale was conducted in a commercially reasonable manner. Commercial reasonableness of the sale was an element of GMAC's cause of action. *Tanenbaum v. Economics*

*Laboratory, Inc.*, 628 S.W.2d 769, 771 (Tex. 1982); *Plato v. Alvin State Bank*, 775 S.W.2d 861, 862 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Carroll v. General Elec. Credit Corp.*, 734 S.W.2d 153, 154 (Tex.App.—Houston [1st Dist.] 1987, no writ). As the plaintiff-movant, GMAC was required to plead and prove there was no genuine issue about any material fact, and it was entitled to a summary judgment as a matter of law. Tex. R.Civ.P. 166a(c). Not only did GMAC not plead "commercial reasonableness of the sale," it did not include the "all conditions precedent" allegations from TEX.R.CIV.P. 54, which can act as a substitute for conditions precedent, including commercially reasonableness of the sale. *See Greathouse v. Charter Nat'l Bank*, 851 S.W.2d 173, 176 (Tex.1992). Thus, the trial court granted GMAC a summary judgment on grounds not supported by any of its pleadings.

Third, the majority holds that the Wilsons did not challenge the hearsay nature of GMAC's affidavit. I disagree. In a counter-affidavit, the Wilsons stated that the exhibits to the summary judgment did not constitute proof that GMAC sent the Wilsons any written notice or that Carleen Shannon or any other person sent exhibit B (the notice letter).[3] The Wilsons also contend that Ms. Shannon's statement and exhibit B did not constitute proof that the sale was conducted in a commercially reasonable manner.

---

1. The grounds in GMAC's motion, like the grounds in the motion for summary judgment in *McConnell*, state simply:

   That after Plaintiff filed suit, Woodrow Wilson, Jr. and Woodrow Wilson, III, Defendants, entered an appearance and filed an answer herein which is insufficient in law to constitute a defense to Plaintiff's cause of action; that as shown by the pleadings, together with deposition, admissions and affidavits, if any, on file herein, there is no genuine issue as to any material fact between the parties herein; and that by reason thereof, the Plaintiff is entitled to Judgment as a matter of law, as prayed for by the Plaintiff.

2. The majority says the Wilsons did not preserve the issue regarding the defective motion for summary judgment in their brief. I disagree. In their initial brief to this Court, the Wilsons complained that no grounds were stated in the motion, that the only grounds were stated in the affidavit.

3. In their response to the motion for summary judgment, the defendants challenged notice with the following statement: "Defendants specially deny ... (2) that Plaintiff sent Defendants any written notice of sale at least ten (10) days before selling the property described in Plaintiff's Original Petition." In the affidavit attached to the response, the defendants challenged notice as follows:

   Exhibit B of Motion for Summary Judgment fails to constitute proof that plaintiff *sent* Defendants any written notice of sale at least ten (10) days before selling the property described in Plaintiff's Original Petition, a contested fact issue in this cause; and, that neither Carlene Shannon nor any other person ever *sent* such Exhibit B.

Fourth, the Wilsons argue that GMAC did not establish, as a matter of law, the sale of the vehicle was commercially reasonable. Ms. Shannon's affidavit contains the only sworn facts regarding the sale. Nowhere in the affidavit does she state that the sale was conducted in a commercially reasonable manner. In her affidavit, she merely states:

1. after mailing notice of sale to the Wilsons, the vehicle was sold at Big H Auto Auction;

2. it was sold at a private auction;

3. it was sold to the highest bidder, Wayne Childers Auto Sales;

4. the purchase price was $5800;

5. the sum was a fair and reasonable price for the vehicle;

6. a deficiency of $5446.37 remained on the debt, as itemized on an attached schedule.

The majority concludes from these facts that the sale was commercially reasonable, even though GMAC does not make that statement in its petition, in its motion, or in the affidavit.

I would reverse and remand the case for trial.