Opinion Issued February 17, 2005


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00149-CV
____________
 
ALI YAZDCHI, Appellant

V.

AMERICAN ARBITRATION ASSOCIATION, Appellee




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2003-26577
 

 
 
MEMORANDUM OPINION
          Appellant, Ali Yazdchi, challenges the trial court’s rendition of summary
judgment in favor of appellee, the American Arbitration Association (AAA), on his
claims for negligence, fraud, and violations of the Texas Deceptive Trade Practices
Act (DTPA).


 In five issues, Yazdchi contends that the trial court erred in granting
the AAA’s summary judgment motion because (1) he did not sue the arbitrator and
the AAA was not entitled to “arbitral immunity”; (2) the AAA’s summary judgment
evidence was not properly admissible, his claims were not preempted by the Texas
Civil Practice and Remedies Code,


 he was not bound by the release of liability
contained in the AAA’s rules, and his claims were not barred by “arbitral immunity”
or res judicata; (3) a material fact issue exists; (4) the AAA did not “establish a
[t]raditional [s]ummary [j]udgment”; and (5) his affidavit “totally dispute[d] the
facts.”



          We affirm.
Factual and Procedural Background
          After Yazdchi retained the Bennett Law Firm to render legal services, he and
the law firm, on December 1, 1999, executed an employment contract that contained
an arbitration agreement. Following a fee dispute in connection with services
rendered by the firm, the Bennett Law Firm sued Yazdchi for the outstanding balance
on Yazdchi’s account, which the firm alleged to be $59,122.60. After filing suit to
collect the fees allegedly owed, the law firm filed a demand for arbitration pursuant
to its contract with Yazdchi. The dispute between the law firm and Yazdchi was
referred to the AAA for arbitration, which resulted in an award in favor of the law
firm. 
            Yazdchi then sued the AAA and its vice president, Molly Bargenquest,
allegedly in the “Small Claims Court of Harris County, Precinct 5, Place 1,” for fraud
and a violation of DTPA section 17.46(b)(5). In his original petition, he alleged that
“the arbitration was not administered in accordance with the AAA’s rules and
procedures.” However, on April 28, 2003, Yazdchi signed a “Release of Judgment,”
which was notarized and stated that Yazdchi had recovered a judgment against the
AAA and Bargenquest for $5,000.00, together with interest. 
          Yazdchi then brought the instant proceeding against the AAA in district court,
alleging that the AAA violated its own rules and procedures in administering the
arbitration and that the AAA failed to “inform [the] plaintiff of any material activity.” 
Yazdchi also alleged that, in administering the arbitration, the AAA acted negligently
and fraudulently and violated DTPA sections 17.46(b)(5) and 17.50(b)(2). Yazdchi
further alleged that, as a result of the AAA’s “false [a]rbitration,” he “lost
$54,826.00” in “actual damages,” in addition to “interest of 10% since lost [sic] of
principle [sic] of the money $54,826.00.”
          In its answer, the AAA asserted a general denial and raised the affirmative
defenses of release, res judicata, “arbitral immunity,” statutory preemption, and the
AAA’s “Commercial Dispute Resolution Procedures, to which [Yazdchi]
contractually agreed to be bound.” Thereafter, the AAA filed a summary judgment
motion, asserting that it was entitled to judgment as a matter of law because
(1) Yazdchi’s claims are barred by the doctrine of “arbitral immunity”; (2) Yazdchi’s
claims are preempted by section 171.088 of the Texas Civil Practice and Remedies
Code


; (3) Yazdchi is bound by the AAA’s “Commercial Dispute Resolution
Procedures,” which release the AAA from liability for the AAA’s allegedly tortious
acts; (4) Yazdchi cannot prove the required elements of his negligence, fraud, and
DTPA claims; and (5) Yazdchi’s claims are barred by the doctrine of res judicata. 
          In support of its summary judgment motion, the AAA attached (1) a copy of
the employment contract between Yazdchi and the Bennett Law Firm; (2) a copy of
the Bennett Law Firm’s original petition in its suit against Yazdchi to collect an
outstanding balance from Yazdchi; (3) a copy of the AAA’s “Commercial Dispute
Resolution Procedures”; (4) the affidavit of Molly Bargenquest, the AAA’s vice
president; (5) a copy of Yazdchi’s original petition in his suit against the AAA in the
“Small Claims Court”; and (5) a copy of a “Release of Judgment” that was signed by
Yazdchi and notarized by a notary public.
          In his response to the AAA’s motion, Yazdchi addressed each ground on which
the AAA moved for summary judgment. He also asserted that the document
purporting to be a copy of the employment contract between Yazdchi and the Bennett
Law Firm was not admissible as summary judgment evidence because, “although it
appeared to be certified by Beverly Kaufman and taken from a court file, its contents
have not been proven by affidavit or otherwise.” Yazdchi also asserted that the
“Release of Judgment” was not admissible because it had “not been proven or
authenticated in any manner.”
          The AAA filed a reply to Yazdchi’s response, in which the AAA asserted that
the employment contract was self-authenticating as a certified copy of a public record
because such document was attached as an exhibit to the Bennett Law Firm’s original
petition filed in the underlying dispute between the law firm and Yazdchi and
contained the seal of Texas.


 The AAA also asserted that the “Release of Judgment”
was self-authenticating as an acknowledged document because Yazdchi signed the
document and Yazdchi’s signature was notarized by a notary public.


 Yazdchi
replied, stating that, although the employment contract may be an authenticated
public record, its contents were inadmissible as hearsay. There is no evidence in the
summary judgment record that Yazdchi received a ruling from the trial court
concerning his objections. 
          On December 15, 2003, the trial court, without specifying the grounds upon
which it relied, signed an order granting the AAA’s motion for summary judgment. 
Yazdchi filed a motion for new trial, which was denied. 
Objections to Summary Judgment Evidence 
          Initially, we note that Yazdchi contends that, although the employment contract
“appears to be certified by Beverly Kaufman and taken from a court file, its contents
have not been proven by affidavit or otherwise.” Yazdchi also contends that the 
document that “purports to be a Release of Judgment. . . . has not been proven or
authenticated in any manner and is not admissible for summary judgment purposes.”
           To be considered by the trial or reviewing court, summary judgment evidence
must be presented in a form that would be admissible at trial. See Hidalgo v. Sur.
Sav. & Loan Assoc., 462 S.W.2d 540, 545 (Tex. 1971). Defects in the authentication
of attachments in support of a summary judgment motion or response are waived
without a proper objection. Watts v. Hermann Hosp., 962 S.W.2d 102, 105 (Tex.
App.—Houston [1st Dist.] 1997, no pet.). Hearsay is also a form defect that is waived
without a proper objection. Wilson v. Gen. Motors Acceptance Corp., 897 S.W.2d
818, 822 (Tex. App.—Houston [1st Dist.] 1994, no writ). Furthermore, to complain
on appeal, Yazdchi was required not only to object to the form but was also required
to secure a ruling from the trial court on his objections. Watts, 962 S.W.2d at 105;
Roberts v. Friendswood Dev. Co., 886 S.W.2d 363, 365 (Tex. App.—Houston [1st
Dist.] 1994, writ denied). Here, although the record shows that Yazdchi raised
authenticity objections regarding both documents and a hearsay objection regarding
the employment contract, the record does not show that Yazdchi received any ruling
on his objections. Therefore, we hold that Yazdchi has waived any complaints
concerning the authenticity and admissibility of the documents. 
Standard of Review 
          To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. See Tex. R. Civ. P. 166a(c); Black v. Victoria Lloyds Ins. Co., 797
S.W.2d 20, 23 (Tex. 1990); Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663,
670 (Tex. App.—Houston [1st Dist.] 1996, no writ). We may affirm a summary
judgment only when the record shows that a movant has disproved at least one
element of each of the plaintiff’s claims or has established all of the elements of an
affirmative defense as to each claim. Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Farah, 927 S.W.2d at 670. In deciding whether there is a
disputed material fact issue precluding summary judgment, proof favorable to the
non-movant is taken as true, and the court must indulge every reasonable inference
and resolve any doubts in favor of the non-movant. Randall’s Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31,
34 (Tex. App.—Houston [1st Dist.] 1994, writ denied). When a summary judgment
does not specify the grounds on which the trial court granted it, the reviewing court
will affirm the judgment if any theory included in the motion is meritorious. Harwell
v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Summers v. Fort
Crockett Hotel, Ltd., 902 S.W.2d 20, 25 (Tex. App.—Houston [1st Dist.] 1995, writ
denied).
Analysis
          In his brief, Yazdchi contends that his claims are not preempted by section
171.088 of the Texas Civil Practice and Remedies Code


 because (1) “this section
does not provide that it is an exclusive remedy to attack an arbitration award”;
(2) “the AAA has not demonstrated by proper proof or by argument that the subject
arbitration is governed by the Civil Practice & Remedies Code” because “Texas has
both statutory and common law arbitration”; (3) he “is not seeking to set aside the
arbitration award”; and (4) “the AAA can be held liable for failing to properly
administer an arbitration, which liability is separate from the arbitration award and/or
any liability of the arbitrator.” 
          Texas law favors the arbitration of disputes. Prudential Sec., Inc. v. Marshall,
909 S.W.2d 896, 898 (Tex. 1995); Brazoria County v. Knutson, 176 S.W.2d 740, 743
(Tex. 1943). Because arbitration is favored as a means of dispute resolution, courts
indulge every reasonable presumption in favor of upholding the award. Prudential
Sec., 909 S.W.2d at 898. Moreover, an arbitration award has the same effect as the
judgment of a court of last resort. City of Baytown v. C.L. Winter, Inc., 886 S.W.2d
515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ denied). 
           Section 171.088 of the Texas Civil Practice and Remedies Code, as part of the
Texas Arbitration Act, provides the only reasons for allowing a trial court to vacate
an arbitration award and states, in relevant part: 
          (a) On application of a party, the court shall vacate an award if: 
               (1)   the award was obtained by corruption, fraud, or other undue
means; 
 
               (2)   the rights of a party were prejudiced by: 
 
                    (A)  evident partiality by an arbitrator appointed as a neutral
arbitrator;
 
                    (B)  corruption in an arbitrator; or
 
                    (C)  misconduct or wilful misbehavior of an arbitrator;
 
               (3)   the arbitrators:
 
                    (A)  exceeded their powers; 
 
                    (B)  refused to postpone the hearing after a showing of sufficient
cause for the postponement;
 
                    (C)  refused to hear evidence material to the controversy; or
 
                    (D)  conducted the hearing, contrary to [various sections in the 
Act], in a manner that substantially prejudiced the rights of
a party; or
 
               (4)   there was no agreement to arbitrate, the issue was not adversely 
determined in proceeding under Subchapter B, and the party did 
not participate in the arbitration hearing without raising the
objection.
 
Tex. Civ. Prac. & Rem. Code Ann. § 171.088 (Vernon Supp. 2004-2005).


 Section
171.088 provides the exclusive remedy to contest an arbitration award when the
Texas Arbitration Act governs the arbitration agreement.


 Blue Cross Blue Shield of
Texas v. Juneau, 114 S.W.3d 126, 135-36 (Tex. App.—Austin 2003, no pet.). 
          Statutory arbitration is cumulative of the common law. J.J. Gregory Gourmet
Servs. v. Antone’s Import Co., 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.]
1995, no writ). Furthermore, common law arbitration is more restrictive than
statutory arbitration and allows a trial court to set aside an arbitration award “only if
the decision is tainted with fraud, misconduct, or gross mistake as would imply bad
faith and failure to exercise honest judgment.” IPCO-G.&C. Joint Venture v. A.B.
Chance Co., 65 S.W.3d 252, 256 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); 
Teleometrics Int’l, Inc. v. Hall, 922 S.W.2d 189, 193 (Tex. App.—Houston [1st Dist.]
1995, writ denied). Moreover, absent a statutory or common law ground to vacate an
arbitration award, a reviewing court lacks jurisdiction to review other complaints
about the arbitration. J.J. Gregory Gourmet Servs., 927 S.W.2d at 33. 
          In his brief, although Yazdchi states that he “is not seeking to set aside the
arbitration award,” the summary judgment evidence shows that he is essentially
seeking damages from the AAA in an amount equal to the arbitration award that he
was required to pay to the Bennett Law Firm in their underlying dispute. Particularly,
the summary judgment evidence shows that the amount of the arbitration award that
Yazdchi had to pay to the Bennett Law Firm was $59,122.60. Furthermore, in his
original petition against the AAA in this case, he expressly states that he is seeking
his “actual loss” of $54,826.00, in addition to 10 percent interest, as a result of the
“false arbitration” conducted by the AAA. The summary judgment evidence also
shows that Yazdchi has already recovered $5,000.00 from the AAA and Molly
Bargenquest in an earlier proceeding in “Small Claims Court,” in which, according
to his original petition in that case, the AAA allegedly committed fraud, made
misrepresentations, and violated section 17.46(b)(5) of the DTPA during the
arbitration proceeding between Yazdchi and the Bennett Law Firm.
          Here, the summary judgment evidence demonstrates that Yazdchi is attempting
to recover the amount of the arbitration award that he had to pay to the Bennett Law
Firm by bringing suit directly against the AAA for “false [a]rbitration.” Such an
attempt to circumvent section 171.088 and the common law is an indirect attack on
the arbitrator’s award. See Tex. Civ. Prac. & Rem. Code Ann. § 171.088; see
Juneau, 114 S.W.3d at 135 (holding that, in seeking reversal of district court’s grant
of arbitrator’s plea to jurisdiction, plaintiff was attempting to circumvent Texas
Arbitration Act and indirectly attack panel’s award). In Yazdchi’s original petition
in this case, he asserts that “the [a]rbitration was not done according to AAA rules
and procedures,” that “AAA provide[d] false [a]rbitration,” and that the AAA falsely
“represented that [it] would inform [Yazdchi] of any material activity” on which he
relied. However, a motion to vacate the arbitration award, as provided in section
171.088 or by common law, afforded Yazdchi a sufficient mechanism to challenge
the award on the theory that the AAA conducted, in Yazdchi’s words, a “false
[a]rbitration.” See Tex. Civ. Prac. & Rem. Code Ann. § 171.088; see Juneau, 114
S.W.3d at 135; see J.J. Gregory Gourmet Servs., 927 S.W.2d at 33. Section
171.088(a)(1) provides that an award may be vacated if “the award was obtained by
corruption, fraud, or other undue means” and common law provides that an award
may be set aside due to fraud on the part of the arbitrator. Tex. Civ. Prac. & Rem.
Code Ann. § 171.088(a)(1); see J.J. Gregory Gourmet Servs., 927 S.W.2d at 33. 
However, because there is no evidence in the record that Yazdchi filed a motion to
vacate the arbitration award, Yazdchi may not otherwise collaterally attack the award
by suing the AAA for conducting a “false [a]rbitration.” See Juneau, 114 S.W.3d
at 135-36 (holding that section 171.088 afforded plaintiff with exclusive remedy to
contest arbitration award on theory that arbitrator’s impartiality was compromised). 
“To permit a cause of action against an arbitrator, in addition to the possibility of
vacating the award, would contravene the purpose of arbitration.” Id. at 136. 
Therefore, we hold that the trial court did not err in granting the AAA’s summary
judgment motion on the grounds that Yazdchi’s claims are preempted by section
171.088 of the Texas Civil Practice and Remedies Code.Conclusion
          Having held that the trial court did not err in granting the AAA’s summary
judgment motion on the grounds that section 171.088 of the Texas Civil Practice and
Remedies Code preempts Yazdchi’s claims against the AAA, we need not address
Yazdchi’s remaining issues. 
          We affirm the judgment of the trial court. 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.