Ann A. BRADEN, Appellant,

v.

NEW ULM STATE BANK, Appellee.

No. 17847.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 26, 1981.

Rehearing Denied May 7, 1981.

Bryan W. Scott, Karen W. Walker, Houston, for appellant.

C. E. Clover, Jr., Sealy, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

PEDEN, Justice.

Ann A. Braden appeals from a summary judgment that awarded the plaintiff-garnishor, New Ulm State Bank, $7,340.04 of the escrowed proceeds from the sale of Mrs. Braden's home. She contends that the trial court erred in granting the judgment because there were genuine issues of material fact 1) as to whether the subject property was her homestead and 2) as to whether she had abandoned the property as her homestead; she also contends 3) that the trial court erred in ruling that the bank's failure to release its judgment lien was not prohibited by Article 3834 Vernon's Tex.Civ.Stat. and (4) that it erred in dismissing her counterclaims because she adequately pleaded causes of action both for slander of title and wrongful garnishment. We affirm in part and in part we reverse and remand.

The parties agree that this timetable of events was before the trial court in summary judgment evidence:

October 20, 1977 New Ulm State Bank took a default judgment for $4,868.74 principal, $277.57 interest, and $750.00 attorney fees against Ann A. Braden, and foreclosed on the security for the loan.

October 31, 1977 The bank filed an abstract of judgment for $5,146.31 in the property records of Harris County, Texas. It listed Mrs. Braden's address at 6009 Burgoyne in Houston.

February 9, 1979 Ann A. Braden sold the property located at 6009 Burgoyne, and American Title Company retained $10,292.62 in escrow pending the release of the bank's judgment lien.

November 6, 1979 Ann A. Braden wrote a letter to American Title Company telling them that she was creating a lien for attorney's fees in favor of Bryan W. Scott against the money they were holding in escrow subject to New Ulm State Bank's releasing the judgment lien.

December 12, 1979 The bank filed an application for garnishment on the funds held in escrow by American Title Company (ATC).

ATC answered the bank's garnishment suit and filed a counterclaim against the bank and a third-party action against Mrs. Braden and her attorney. On or about July 21, 1980, the title company deposited $9,092.62 in the registry of the court and made an agreement whereby all other parties to the suit took nonsuits as to ATC, and the bank released its judgment lien against the property at 6009 Burgoyne St.

Mrs. Braden filed a third-party action against the bank, alleging that she should recover the funds paid into the registry and that she was entitled to actual and exemplary damages because of the bank's slander of her title to the homestead and its wrongful garnishment of the funds in escrow; she alleged that the bank should respond in actual and exemplary damages for its failure to respond to her written request that it release its judgment lien against the proceeds of the sale of her homestead. An affidavit was attached alleging that the subject property was Mrs. Braden's homestead. The bank filed a motion for summary judgment, based on Mrs. Braden's answers to the bank's request for admissions, seeking recovery of $4,868.74 as principal, an attorney's fee, costs and interest from the amount paid into the registry.

The bank's motion for summary judgment contained numerous allegations of fact which it says are demonstrated in the record without dispute.

In answer to the bank's motion Mrs. Braden filed an unsworn written response, which she labeled a "brief."

Section (c) of Rule 166–A, Texas Rules of Civil Procedure, has provided since January 1, 1978, that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal.

Mrs. Braden's written response did not dispute these allegations expressly presented in the bank's motion for summary judgment:

1. The bank's judgment lien was already attached to Mrs. Braden's property when she sold it in February of 1979.

2. The title company was instructed to release the proceeds placed in escrow only upon delivery of a release of the bank's judgment lien.

3. Before the proceeds of the sale were garnished, more than six months had elapsed since Mrs. Braden had sold her property, had authorized retention of the funds by the title company, and had granted a lien on those funds in favor of her attorney.

The above allegations are supported by the summary judgment evidence.

Mrs. Braden's unsworn written response did expressly allege that:

1. The recording of the bank's abstract of judgment in Harris County amounted to an illegal lien on the proceeds from the sale of her homestead.

2. The bank's refusal to release its judgment lien on the proceeds from the sale of her homestead in response to her written request was an intentional interference with her rights and thus was a tort.

3. But for the bank's tortious interference, she would already have reinvested the proceeds from the sale in a new homestead.

Article 3834 provides: "The proceeds of the voluntary sale of the homestead shall not be subject to garnishment or forced sale within six months after such sale."

The appellant's first two points of error are that the trial court erred in granting the bank's motion for summary judgment because genuine issues of material fact were presented as to 1) whether the subject real property was her homestead, and 2) whether she had abandoned the subject property as her homestead.

■ We agree with the appellant that these two issues have not been resolved, but we hold that they do not constitute genuine issues for trial in that they cannot defeat the movant/plaintiff's right to a summary judgment for recovery from the funds deposited in the registry of the court. The bank's presentation in the trial court, by written motion, of the uncontroverted issue that the sale of Mrs. Braden's property was made more than six months before the writ of garnishment was issued establishes that the garnishment was not prevented by the provisions of Article 3834. The appellant's first two points do not present reversible error.

The appellant's third point of error is:

The trial court erred in ruling that New Ulm State Bank's failure to release their lien was not prohibited by Tex.Ann. Civ.Stat. Art. 3834.

We find no such direct ruling by the trial court, but Mrs. Braden argues under this point that the trial judge should have applied the provisions of Article 3834 more broadly. She says that a judgment creditor who knows that its lien has attached to the proceeds from the sale of a homestead and who has refused a request to release that lien is guilty of a wrongful taking prohibited by Article 3834.

■ Mrs. Braden's attack on the summary judgment in this third point of error is a complaint about the bank's recovery, as a plaintiff, in satisfaction of its judgment lien. As a defendant, Mrs. Braden's defensive matter here urged, that the bank knew the proceeds in escrow were from the sale of her homestead, constituted an affirmative defense when used in this context. We have noted that the bank, as movant for summary judgment, established facts showing that its garnishment was not prohibited by Article 3834.

It was held in *Gulf, Colorado, & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, at 500 (1958):

When a motion for summary judgment is supported by affidavits, depositions, stipulations, or other extrinsic evidence sufficient on its face to establish facts, which, if proven at trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact....

The appellant did not establish her affirmative defense by presenting summary judgment evidence. We overrule her third point.

The appellant's fourth point of error is that the trial court erred in dismissing her cross-action against the bank because she pleaded facts which adequately stated an action for slander of title. We also overrule this point.

■ We find no such cause of action alleged in her "cross-action" (or third-party petition). In any event, Mrs. Braden has consistently taken the position that she sold the subject property and that it was the proceeds of that sale that were garnished. Her answers to the requests for admissions show that she sold the property in question just four days after she says she asked the bank to release its lien.

■ "In order to recover in a slander of title suit, the plaintiff must allege the loss of a specific sale." *Shell Oil Company, Inc. v. Howth,* 138 Tex. 357, 159 S.W.2d 483, at 490 (1942).

Under the circumstances noted above, it is clear that Mrs. Braden could not amend her third-party petition to state a cause of action for slander of title.

In her fifth point of error the appellant says the trial court erred in dismissing her cross-action (it bore the label "third-party petition") against the bank because she pleaded facts which adequately stated an action for wrongful garnishment. We sustain this point.

■ The bank's motion for summary judgment against the appellant was directed against her and her attorney only as "Third Party Defendants Ann A. Braden and Bryan W. Scott," and not as third-party plaintiffs. The motion did not expressly present any issue attacking her third-party petition or state any grounds for dismissing it. The only reference made to her third-party petition is found in this cryptic request in the closing phrases of the prayer, asking "that the cross-actions of Braden and Scott be in all things denied."

The appellant's written response to the bank's motion again asserted that the bank had interfered with her rights, thus committing a tort, by refusing to release its lien on her request.

We hold that the bank's motion for summary judgment not only did not specify grounds for summary judgment denying the appellant's third-party petition, it did not give fair notice that it was seeking that action.

There is another reason why the appellant's fifth point should be granted. The Texas Supreme Court recently pointed out in *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, at 678 (1979):

The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

■ If the bank's motion for summary judgment did attack Mrs. Braden's third-party petition at all, it did so only by presenting the affirmative defense of abandonment. It appears to us that the bank's assertion of abandonment was made in support of its own petition to recover the funds deposited in the registry of the court.

In any event, we hold that the bank has failed to establish conclusively by summary judgment evidence the affirmative defense of abandonment. The bank's basis for its claim of abandonment is its sworn allegation that Mrs. Braden "assigned an interest in or created a lien upon" an unstated amount of the escrowed proceeds from the sale of her home in favor of her attorney. The bank's motion stated that this action by Mrs. Braden "clearly evidenced her intent to abandon the homestead character" of the funds in escrow. Whether or not the bank is correct in this allegation, an act which clearly evidenced her intent to abandon

falls far short of establishing abandonment as a matter of law. Further, the bank did not prove what amount of the fund was assigned by Mrs. Braden to her attorney; we cannot say it was shown that Mrs. Braden intended to abandon the homestead character of any certain amount of the fund.

We affirm all aspects of the trial court's judgment except that we reverse its denial of the third-party petition of Ann A. Braden in which she alleged wrongful garnishment; that cause of action is severed and is remanded to the trial court.