ATTORNEY GENERAL OF the STATE OF TEXAS, Appellant,

v.

Joyce Onsare JOHNSON, Appellee.

No. 2–89–106–CV.

Court of Appeals of Texas, Fort Worth.

May 9, 1990.

Rehearing Overruled June 13, 1990.

Jim Mattox, Atty. Gen., Patrick J. Feeny and Christopher L. Rhodes, Asst. Attys. Gen., Austin, for appellant.

Sweat & Cochran, and David R. Sweat, Arlington, for appellee.

Before WEAVER, C.J., and FARRIS and DAY, JJ.

## OPINION

FARRIS, Justice.

The Attorney General appeals a judgment awarding Johnson attorney's fees and court costs pursuant to TEX.CIV.PRAC. & REM.CODE ANN. Ch. 105 (Vernon 1986), which permits the recovery of litigation expenses when a State agency asserts a cause of action that a court finds to be frivolous, unreasonable, or without foundation.

The Attorney General alleged Johnson fraudulently concealed her employment in order to recover worker's compensation benefits and sought a judgment ordering Johnson to repay benefits she had received for her worker's compensation claim. The jury found Johnson did not commit fraud,

and upon Johnson's motion, the trial court found that the Attorney General's cause of action against Johnson was frivolous, unreasonable, or without foundation and awarded her attorney's fees of $9,500 with all but $2,500 of the judgment to be credited if no appeal was taken.

On appeal, the Attorney General argues that article 8307, section 9a effectively exempts him from liability under chapter 105 for prosecuting a cause of action alleging a fraudulent worker's compensation claim. The Attorney General also contends even if chapter 105 is applicable to him, the trial court did not apply the correct legal standard in awarding attorney's fees to Johnson and it was error to award Johnson attorney's fees because the motion of frivolous appeal claim filed by Johnson did not comply with the requirements of section 105.003. We overrule the Attorney General's points of error and affirm the judgment of the trial court.

In his first point of error, the Attorney General argues that article 8307, sections 9a(e)(1) and (e)(5) effectively exempt his agency from liability for recovery of fees and expenses under chapter 105 of the Civil Practices and Remedies Code because his agency has the sole responsibility to determine whether there is a reasonable likelihood that a worker's compensation claim was fraudulent, exempting it from a court determination of liability under chapter 105. The Attorney General's argument is based upon the following language of article 8307:

> It shall be the responsibility of the attorney general to prosecute those cases in which he finds the reasonable probability that acts of fraud exist before all hearings of the Board or on appeal from the determination of such hearings.

TEX.REV.CIV.STAT.ANN. art. 8307, sec. 9a(e)(1) (Vernon Pamph.Supp.1990). Section 9a(e)(5) states the following:

> If the attorney general finds that a reasonable probability of fraud exists, the attorney general shall request a hearing and the Board shall set the matter for hearing....

TEX.REV.CIV.STAT.ANN. art. 8307, sec. 9a(e)(5) (Vernon Pamph.Supp.1990).

Before one can recover attorney's fees and other reasonable litigation costs, the State agency's action must be one that was dismissed or in which judgment was awarded to the other party and the trial court must find the action is frivolous, unreasonable, or without foundation. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 105.002 (Vernon 1986). We reject the Attorney General's argument and hold there is no inconsistency between chapter 105 and article 8307, section 9a, because the Attorney General is not required by article 8307, section 9a to prosecute cases of fraud unless he determines there is a *reasonable probability* that fraud occurred. Because the statutes are not inconsistent, we hold that chapter 105 is applicable to the Attorney General's prosecution of a purported fraudulent worker's compensation claim. The Attorney General's first point of error is overruled.

In his second point of error, the Attorney General complains the trial court erred in finding that the State's action against appellee was frivolous, unreasonable, and without foundation because there was a reasonable probability that Johnson was guilty of fraud. Appellate review of a trial court determination of this sort is a question of law under an abuse of discretion standard. *See* for comparison *Donwerth v. Preston II Chrysler–Dodge*, 775 S.W.2d 634, 637 (Tex.1989), and *Barnes v. Whittington*, 751 S.W.2d 493, 494–95 (Tex. 1988). We overrule the second point of error because the totality of the tendered evidence failed to demonstrate any arguable basis for the Attorney General's claim that Johnson willfully concealed her employment in order to recover worker's compensation benefits to which she was not entitled. *See Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex.1989).

Johnson was injured while working for her employer, the Dallas–Fort Worth Medical Center. Her injury was witnessed by a fellow employee and supervisory personnel directed her to go to the emergency room for examination. Johnson was examined

by doctors on the staff of her employer, who determined that she was unable to work because of her injury. At the same time of her employment with the Dallas–Fort Worth Medical Center, Johnson was also employed by the City of Arlington. Despite her injuries and while receiving worker's compensation benefits, Johnson continued working her second job. The Attorney General claimed Johnson committed fraud when she filed a notice of injury under the Worker's Compensation Act on the form provided her by the Industrial Accident Board thereby "concealing" her other employment and wrongfully obtaining worker's compensation benefits. The Attorney General's complaint was not arguably supportable for two reasons.

Johnson did not fraudulently conceal her employment by the City of Arlington by filing a claim for worker's compensation benefits because the form provided her by the Industrial Accident Board did not inquire of other employment or sources of income. The form did provide a blank which inquired whether she had returned to work but, taken in context, it is apparent the question was directed to whether the claimant had returned to work with the employer for whom she was working at the time of her injury.

More troubling to the Attorney General's claim is the plethora of authority that has long recognized that the right to worker's compensation disability benefits is not conclusively precluded by the fact that a claimant is able to work and earn money at other employment. *E.g., International Ins. Co. v. Torres,* 576 S.W.2d 862, 866 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); *Texas State Highway Department v. Kinsler,* 230 S.W.2d 364, 367 (Tex.Civ. App.—Beaumont 1950, writ ref'd). It was not wrongful for Johnson to receive worker's compensation benefits while continuing her second job, and a reasonable review of the facts and law would have made this conclusion obvious to the Attorney General. The second point of error is overruled.

In his third point of error, the Attorney General complains that it was error for the trial court to award attorney's fees to Johnson because she did not comply with section 105.003 of the Civil Practice & Remedies Code. According to the Attorney General, section 105.003 requires the filing of two motions, the first of which is described in all the subsections while the last is described only in subsection (c) of 105.003:

(a) To recover under this chapter, the party must file a written motion alleging that the agency's claim is frivolous, unreasonable, or without foundation. The motion may be filed at any time after the filing of the pleadings in which the agency's cause of action is alleged.

(b) The motion must set forth the facts that justify the party's claim.

(c) The motion must state that if the action is dismissed or judgment is awarded to the party, the party intends to submit a motion to the court to recover fees, expenses, and reasonable attorney's fees.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 105.003 (Vernon 1986).

Secondly, the Attorney General contends that Johnson did not timely file her motion because it was not filed before trial which would have provided the Attorney General the opportunity to reduce the imposition of sanctions by abandoning its claim against Johnson. Johnson filed her motion after trial but before judgment.

We reject both of the arguments set out in point of error three. We reject the argument that the motion was filed untimely because section 105.003 expressly provides that the motion may be filed *at any time* after the filing of the pleadings in which the agency's cause of action is alleged. We also reject the argument that section 105.003 requires two motions. Johnson's motion sufficiently met the procedural requirements of 105.003 and gave the Attorney General notice that she would seek to recover her attorney's fees incurred in defending herself against the frivolous claim.

The judgment of the trial court is affirmed.