**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Ronald K. ACKERMAN, Appellee.**

**No. 10–99–302–CV.**

Court of Appeals of Texas, Waco.

Oct. 4, 2000.

Jason D. Ray, Texas Dept. of Public Safety, CHL Legal Section, Austin, for appellant.

John R. Jensen, Jensen & Jensen, Arlington, for appellee.

Before Chief Justice DAVIS, Justices VANCE and GRAY.

## OPINION

BILL VANCE, Justice.

After a Justice of the Peace upheld the Texas Department of Public Safety's decision to suspend Ronald K. Ackerman's concealed handgun license, Ackerman appealed the ruling to the County Court at Law. His appeal was considered by the judge of the County Criminal Court who had also heard the criminal case underlying DPS's action. During the course of the *de novo* proceeding, DPS abandoned

its effort to suspend Ackerman's license. Acting on Ackerman's motion for a summary judgment, however, the county criminal court awarded him $1,895 in attorney's fees, costs, and expenses under chapter 105 of the Civil Practice and Remedies Code. In this appeal, DPS claims that the court's ruling was erroneous because (a) the controversy was moot, (b) the court did not have statutory jurisdiction, and (c) Ackerman failed to establish his entitlement to judgment as a matter of law. Although we reject both of DPS's jurisdictional arguments, we will sustain its procedural complaint, reverse the trial court's judgment, and remand the cause for further proceedings.

### Background

In September 1996, Ackerman was issued a concealed handgun license (CHL) by DPS. In May of the next year, Ackerman was charged with the offense of failing to display his CHL to a peace officer when requested. TEX.REV.CIV.STAT.ANN. art. 4413(29ee) § 6(h), (i) (repealed, 1997).[1] The charges were filed in the Dallas County Criminal Court No. 2. In response to this charge, DPS notified Ackerman that it was suspending his CHL. *Id.* §§ 7, 13.[2] As allowed by the statute, Ackerman chose

to contest DPS's action in a justice court. *Id.* § 7(a), (b).[3] The justice of the peace upheld the decision to suspend Ackerman's license, and in February 1998, Ackerman appealed the JP's decision to a Dallas County Court at Law for a trial *de novo. Id.* § 7(c), (e).[4] Before the county court, Ackerman argued that article 4413(29ee) did not authorize DPS to suspend his license, and that he was entitled to recover his attorney fees, expenses, and costs incurred in the proceeding under chapter 105 of the Civil Practice and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 105.002 (Vernon 1997).

Ackerman's appeal was docketed in the County Court at Law No. 4. Before that court took any action on the case, however, the Dallas County District Attorney dismissed the charges underlying the suspension of Ackerman's license,[5] and on June 1, 1998, DPS notified Ackerman that his license had been reinstated. A month after his license was reinstated, the County Court at Law No. 4 transferred the case to the Dallas County Criminal Court No. 2, indicating that the case was being transferred for "concurrent disposition" with the criminal charges against Ackerman that had been filed in that court. Eight

---

1. Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex. Gen. Laws 1998, 2002 *repealed by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 10.01(b), 1997 Tex.Gen.Laws 327, 411 (current version at TEX.GOV'T CODE ANN. § 411.205 (Vernon Supp.2000)). At the time of Ackerman's offense, the statutes governing concealed handgun licenses were found in article 4413(29ee) of the Revised Civil Statutes, but have since been recodified as part of the Government Code. For ease of reference, we will cite to article 4413(29ee) in the text.

2. Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex.Gen.Laws 1998, 2002–03, 2005–06, (repealed 1997) (current version at TEX GOV'T CODE ANN. §§ 411.180, 411.187 (Vernon Supp.2000)).

3. Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex. Gen. Laws 1998, 2002–03 (repealed 1997) (current version at TEX.GOV'T CODE ANN. § 411.180(a)).

4. Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex.Gen.Laws 1998, 2002–03 (repealed 1997) (current version at TEX .GOV'T CODE ANN. § 411.180(c), (e)).

5. Our record does not demonstrate why the charges were dismissed. However, in the 1997 amendments to the concealed handgun license statute, the Legislature decriminalized a first failure to display a CHL, making it instead a basis for the suspension of a license. TEX.GOV'T CODE ANN. § 411.205(a). Under the amended provision, a second failure to display a CHL after having had the license suspended for the same violation is a class B misdemeanor. *Id.* § 411.205(b). Based on the parties' briefs, we suspect that the criminal charges were dismissed as a result of the change in the law. *See* TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1998).

months later, Ackerman moved for a summary judgment on his claim for attorneys fees, costs, and expenses. The court granted his motion, awarding him $1,895, and DPS brought this appeal.

### Jurisdictional issues

We first address those issues which would give DPS the greatest relief. *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex.1999); *see also* TEX.R.APP.P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). If DPS is correct about the suspension appeal being moot, we would reverse the judgment and dismiss the action. If its assertion about the county criminal court at law's authority is correct, we would have to both reverse the judgment and remand the suit with instructions to return the proceeding to the county court at law. Thus, we address these arguments first.

### Is the controversy moot?

The existence of an actual controversy is a jurisdictional requirement for judicial action. *FDIC v. Nueces County*, 886 S.W.2d 766, 767 (Tex.1994). Thus, if the controversy were moot, neither the trial court nor this court would have any jurisdiction over the issues involved in the proceeding. *Id.* DPS argues that the controversy was rendered moot by its decision to reinstate Ackerman's license after the criminal charges were dropped and that his claim for attorney's fees and costs cannot breathe life back into the action. We disagree.

As presented to the county court at law, this proceeding involved two controversies. First, DPS claimed that it was entitled to suspend Ackerman's license due to his pending criminal charges, a claim on which it carried the burden of proof in the *de novo* proceeding before the county court at law. *See Sanchez v. Huntsville Indep.*

*Sch. Dist.*, 844 S.W.2d 286, 289 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("In appeals from justice court to county court, the judgment of the justice court is vacated and the plaintiff has the burden of proving his case again."). Second, in what amounted to a counterclaim against DPS, Ackerman claimed that DPS's entire cause of action against him was frivolous, entitling him to recover attorney's fees, costs, and expenses under chapter 105 of the Civil Practice and Remedies Code.

Chapter 105 is referred to as the "Frivolous Claims Act." *Brainard v. State*, 12 S.W.3d 6, 30 (Tex.1999). "The purpose of chapter 105 is to afford an aggrieved citizen some remedy from a governmental agency for the misuse of governmental power." *Id.* at 31 (quoting *Black v. Dallas Co. Child Welfare Unit*, 835 S.W.2d 626, 629 n. 5 (Tex.1992)). To provide this remedy, the act allows for a party opposing the state in a civil action to be awarded attorneys fees, costs, and expenses when the state agency asserts a claim that is "frivolous, unreasonable, or without foundation." TEX.CIV.PRAC. & REM.CODE ANN. § 105.002(1); *Brainard*, 12 S.W.3d at 30. "An action may be deemed unreasonable for purposes of the Frivolous Claims Act when 'the totality of the tendered evidence [fails] to demonstrate any arguable basis for the ... claim.' " *Brainard*, 12 S.W.3d at 30 (quoting *Attorney Gen. v. Johnson*, 791 S.W.2d 200, 202 (Tex.App.—Fort Worth 1990, writ denied)). The concealed handgun license statute specifically makes this chapter applicable to proceedings involving the suspension of a CHL. TEX.REV. CIV.STAT.ANN. art. 4413(29ee) § 7(d) (repealed, 1997).[6]

When DPS abandoned the effort to suspend Ackerman's license, the first controversy was resolved. However, the second controversy remained, and the court had the authority to resolve the issues necessary to dispose of the claims of the parties.

---

6. Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex.Gen.Laws 1998, 2003 (repealed 1997) (current version at TEX.GOV'T CODE ANN. § 411.180(d)).

*See Leon Springs Gas Co. v. Restaurant Equipment Leasing Co.,* 961 S.W.2d 574, 579 (Tex.App.—San Antonio 1997, no pet.).

**Statutory jurisdiction**

■ DPS also contends that the Dallas County Criminal Court No. 2 did not have statutory authority to consider this proceeding because the concealed handgun license statute explicitly provides that an appeal from the justice court is to a county court at law. TEX.GOV'T CODE ANN. § 411.180(e) (Vernon Supp.2000).[7] Thus, DPS claims, the judgment awarding Ackerman fees and expenses is void. However, section 25.0012 of the Government Code provides:

Exchange of Judges in Certain County Courts at Law and County Criminal Courts

In any county with a population of more than 300,000, the judge of a county criminal court and the judge of a county court at law may hold court for or with one another. The county criminal court has the necessary civil jurisdiction to hold court for the county court at law.

TEX.GOV'T CODE ANN. § 25.0012 (Vernon 1988). We take judicial notice of the fact that the 1990 federal decennial census determined that Dallas County's population was over 1,800,000. TEX.GOV'T CODE ANN. § 311.005(3) (Vernon 1998); TEX.R.EVID. 201; *see In re Barr,* 13 S.W.3d 525, 550 n. 23 (Tex.Rev.Trib.1998, no appeal) (court of appeals may take judicial notice of facts that are notorious, well known, or easily ascertainable even if not judicially noticed in the trial court). Thus, the County Criminal Court No. 2 had the "necessary civil jurisdiction" to rule upon Ackerman's claims and the judge of the County Court at Law No. 4 had the authority to transfer the action to the County Criminal Court No. 2. TEX.GOV'T CODE ANN. § 74.094 (Vernon Supp.2000). Additionally, the Presiding Judge of the First Administrative Region assigned the presiding judge of the County Criminal Court No. 2 to the County Court at Law No. 4 for the purpose of hearing this suit. *Id.* § 74.056 (Vernon 1998). Thus, the County Criminal Court No. 2 judge had jurisdiction over this proceeding.

DPS's jurisdictional arguments are not well founded. Issue one is without merit.

## Summary judgment issues

DPS directly attacks Ackerman's motion for summary judgment on two grounds. First, DPS argues that the motion is insufficient because it does not state as a ground that DPS's claims were frivolous, unreasonable or without foundation. Second, DPS argues that Ackerman's summary judgment evidence does not establish his entitlement to judgment as a matter of law. We address only the first argument.

**Summary judgment standards**

The standards for reviewing a summary judgment are well established. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to the summary judgment as a matter of law. *Id.* The reviewing court must accept all evidence favorable to the non-movant as true. *Id.* Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in its favor. *Id.* Evidence which favors the movant will be considered only if it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). "A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone." *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997) (citing *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993)). A motion that presents no grounds for a summary

---

**7.** We cite to the current version of the statute because Ackerman's appeal from the justice court was filed after the effective date of the recodification of the statute. The earlier subsection was identical.

judgment is insufficient as a matter of law. *McConnell,* 858 S.W.2d at 342.

A plaintiff who moves for a summary judgment must show that he is entitled to prevail on each element of his cause of action. *Brooks v. Sherry Lane Nat'l Bank,* 788 S.W.2d 874, 876 (Tex.App.— Dallas 1990, no writ). This burden is met if the summary-judgment evidence would be sufficient to support an instructed verdict at trial. *Braden v. New Ulm State Bank,* 618 S.W.2d 780, 782 (Tex.Civ.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.).

### Ackerman's motion for summary judgment

■ We conclude that Ackerman's motion for summary judgment is insufficient as a matter of law to support the judgment. *McConnell,* 858 S.W.2d at 342. The Frivolous Claims Act permits attorneys fees, costs, and expenses to be awarded when an agency has asserted a claim that is "frivolous, unreasonable, or without foundation." TEX.CIV.PRAC. & REM.CODE ANN. § 105.002(1); *Brainard,* 12 S.W.3d at 30. Ackerman does not assert in his motion that DPS's claims in this proceeding meet any of those criteria. He does not refer to or otherwise cite to the Frivolous Claims Act in his motion.[8] The closest Ackerman comes to asserting a ground for his motion is the final paragraph, which reads:

> Based upon the stipulated facts, answers to request for admissions, and application of the concealed handgun carry law with changes effective September 1, 1997, the allegations in petitioner's original petition have been proven and there is no dispute regarding the facts or the applicable law. Accordingly, movant's motion should be granted and attorney fees, court reporter charges, and cost be assessed against respondent.

There are no grounds asserted in Ackerman's motion which would entitle him to

8. Although he cites section 411.180 of the Government Code, which makes proceedings under the concealed handgun license statute "subject to" the Frivolous Claims Act. TEX.

judgment. Thus, his motion is insufficient to sustain the judgment rendered by the trial court, and the judgment must be reversed. *McConnell,* 858 S.W.2d at 342.

### *Conclusion*

Even though the County Criminal Court No. 2 had jurisdiction to consider the merits of Ackerman's claim, his motion for summary judgment was not sufficient to establish his right to judgment. Therefore, we find that DPS's second issue has merit. The judgment is reversed, and this cause is remanded to the trial court for further proceedings.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

The majority holds that Ronald K. Ackerman failed to state any ground in his motion for summary judgment which would entitle him to judgment. They conclude that "his motion is insufficient to sustain the judgment rendered by the trial court, and the judgment must be reversed." What's a person gotta' do to get a summary judgment these days?

In Ackerman's motion for summary judgment he states: "The only issue remaining in this case is the applicability of Section 411.180(d), Texas Government Code, for costs and attorney fees." He then prays for a recovery of fees and expenses. That section of the Government Code states: "A proceeding under this section is subject to Chapter 105, Civil Practice and Remedies Code, relating to fees, expenses, and attorney's fees." Chapter 105 of the Civil Practice and Remedies Code is entitled "Frivolous Claim by State Agency." This chapter consists of only four sections and provides for only one type of recovery: fees, expenses and attorney's fees for a frivolous claim by a State agency.

GOV'T CODE ANN. § 411.180(d) (Vernon 1998); TEX.CIV.PRAC. & REM.CODE ANN. § 105.001–.004 (Vernon 1997).

Where the majority errs in their analysis is a potential problem with Ackerman's underlying petition. As the majority notes, Chapter 105 of the Civil Practice and Remedies Code specifies that a claimant may recover "fees, expenses, and attorney's fees" if the state agency asserted a claim that was "frivolous, unreasonable, or without foundation." They note that Ackerman did not allege in his "motion" any of these criteria. This may be a problem with Ackerman's underlying pleading, but it is not a defect in his motion for summary judgment as the majority holds.

Ackerman told the reader of his motion for summary judgment exactly the ground under which he was seeking summary judgment for fees, expenses and attorney's fees; Section 411.180(d) of the Government Code. The reader may have to go read the statute, but this is no different than the movant stating that the ground upon which they rely as "Chapter 101 of the Texas Tort Claims Act," or a reference to any one of the myriad of statutes that provide for some specific relief or defense.

We should avoid imposing enzymatic language requirement to state a ground of recovery in a summary judgment motion. If the motion provides a reader reasonable notice of the ground upon which summary judgment is sought, that should be adequate. The ground of recovery is sufficiently stated in Ackerman's summary judgment motion.

For the reasons stated, I respectfully dissent from the majority's remand of this cause on the basis indicated. I concur in the remainder of the opinion.