NO. 07-07-0288-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2009
_____

STATE OFFICE OF RISK MANAGEMENT, APPELLANT

V.

RACHEL HERRERA, VICTORIA DANIELLE HERRERA,
MATTHEW RYEN HERRERA, KELCEY MERCEDES
DENA HERRERA, CARE'N DESTINY HERRERA, BENEFICIARIES
OF JOSE HERRERA, DECEASED, AND TEXAS MUNICIPAL
LEAGUE INTERGOVERNMENTAL RISK POOL, APPELLEES
_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9122; HONORABLE GORDON H. GREEN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

In this workers' compensation case, the State Office of Risk Management (SORM)[1]

appeals the trial court's dismissal of its suit for judicial review of an appeals panel decision

---

[1] SORM is a statutory agency functioning as a workers' compensation insurance carrier. Tex. Lab. Code Ann. § 412.011 (Vernon Supp. 2008). *See* Tex. Lab. Code Ann. § 401.011(27) (Vernon Supp. 2008) for definition of "insurance carrier" in Workers' Compensation Act. "The state is self-insuring with respect to an employee's compensable injury." Tex. Lab. Code Ann. § 412.0122 (Vernon 2006).

finding it responsible for payment of death benefits to the statutory beneficiaries of Friona, Texas police officer Jose Herrera. We will affirm.

Background

On April 14, 2003, while handling paperwork at the Friona police station after completion of his shift, officer Herrera heard a call for assistance from the Parmer County Sheriff's Office. He responded. Outside the city limits of Friona his vehicle was hit by that of a fleeing suspect. Herrera sustained fatal injuries.

SORM did not dispute entitlement of Herrera's statutory beneficiaries to receive workers' compensation death benefits but denied liability for payment of the claim. It contended Herrera acted at the time of his death within the course and scope of employment for the City of Friona (the City) and not the State. The hearing officer assigned by the Texas Workers' Compensation Commission (TWCC)[2] to resolve the matter found Herrera was acting in the service of the State at the time of death. SORM challenged the determination through the TWCC appeals panel.

When the appeals panel did not issue a written opinion, thus making the opinion of the hearing officer final, SORM filed the underlying lawsuit on September 27, 2004. Named as defendants were Rachel Herrera, widow of officer Herrera, and the Texas

_____

[2] The Texas Workers' Compensation Commission was abolished effective September 1, 2005, and its functions were assumed by the division of workers' compensation within the Texas Department of Insurance. *See* Tex. Lab. Code Ann. § 402.001 (Vernon 2006). Agency proceedings in this case occurred prior to the effective date of the 2005 statutory amendments.

Municipal League Intergovernmental Risk Pool (TML Risk Pool).  Although the City was not named in the suit, attached as an exhibit to SORM's petition was the hearing examiner's finding of fact that the City was a self-insured insurance carrier.  About a month after SORM filed suit the City answered, asserting it was a self-insurer of workers' compensation claims.  TML Risk Pool then answered, alleging the City was the proper defendant.  SORM did not file an amended petition naming the City as a defendant.  Some sixty-five days after the decision of the appeals panel became reviewable by the district court, SORM filed an amended petition adding as defendants the minor children of Herrera, his parents Robert and Elva Herrera, and his brother Manuel Herrera.[3]  Through this pleading, SORM sought declarations that TML Risk Pool, and not SORM, was responsible for payment of death benefits.

SORM's original petition was filed within forty days of the filing date of the decision of the appeals panel.  The City, TML Risk Pool, and the Herrera defendants filed a plea to the trial court's jurisdiction arguing SORM should have filed suit within thirty days[4] rather than forty days[5] and the trial court thus lacked subject matter jurisdiction.  The trial court

---

[3] The amended pleading named as defendants eight individuals with the surname Herrera.  These individuals are collectively identified as the "the Herrera defendants."

[4] *See* Tex. Lab. Code Ann. § 410.255(a) (Vernon 2006); Tex. Gov't Code Ann. § 2001.176(a) (Vernon 2008) (providing thirty-day period to perfect judicial review).

All references to Tex. Lab. Code Ann. (Vernon 2006 & Supp. 2008) are hereinafter designated "section _____."

[5] Section 410.252(a) provides "[a] party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division."

3

agreed and dismissed the case. SORM appealed to this court.[6] Finding the case presented a question of compensability, thus implicating the forty-day period of section 410.252(a), we reversed and remanded the case.

Following remand, the City and TML Risk Pool again sought dismissal alleging the City and not TML Risk Pool was the proper insurance carrier in the case and since the City was not sued within forty days of the date the order of the TWCC appeals panel was filed, the trial court lacked subject matter jurisdiction. In a separate motion, Rachel Herrera and the Herrera children argued that because the trial court lacked jurisdiction over the City, no justiciable claim existed against the individual defendants. The trial court granted both motions to dismiss and awarded attorney's fees in favor of the Herrera defendants. SORM appealed.

## Issues

SORM presents five issues on appeal. It argues the trial court erred by: (1) dismissing the City and TML Risk Pool; (2) sustaining Rachel Herrera's plea to the jurisdiction; (3) granting Robert, Elva, and Manuel attorney's fees; (4) denying SORM's motion for sanctions; and (5) granting Rachel Herrera attorney's fees.

---

[6] *State Office of Risk Mgmt. v. Herrera,* 189 S.W.3d 405 (Tex.App.–Amarillo 2006, no pet.). Hereinafter this case is referred to as "*Herrera I.*"

Discussion

In its first issue, SORM contends the trial court erred by dismissing the City and TML Risk Pool. We review *de novo* the grant of a motion to dismiss for want of subject matter jurisdiction. *Lacy v. Bassett,* 132 S.W.3d 119, 122 (Tex.App.–Houston [14th Dist.] 2004, no pet.) (*citing Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000)).

It is undisputed that the City and SORM were the two insurance carriers in the case, that the judicial relief SORM sought was a declaration determining liability between the two carriers for the Herrera death claim, and the City was not joined or did not appear in the litigation until after the passage of the forty-day period of Labor Code section 410.252(a).[7] SORM argues the forty-day period was tolled when it sued TML Risk Pool instead of the

_____

[7] While section 410.252(a) establishes the time for a party aggrieved by a decision of the appeals panel to seek judicial review, it does not specify a consequence for untimeliness. Timely filing suit under section 410.252(a) has been treated as mandatory and jurisdictional. *Texas Mun. League Intergovernmental Risk Pool v. Burns,* 209 S.W.3d 806, 812-814 & n.9 (Tex.App.–Fort Worth 2006, no pet.) (self-insured city was denied intervention in suit brought by TML Risk Pool, which lacked standing to seek judicial review, as city did file suit within the jurisdictional forty-day period of section 410.252(a)); *Johnson v. United Parcel Serv.,* 36 S.W.3d 918, 921 (Tex.App.–Dallas 2001, pet. denied); *Morales v. Employers Cas. Co.,* 897 S.W.2d 866, 868 (Tex.App.–San Antonio 1995, writ denied). The forty-day period also has been referred to as a limitations period. *Tex. Dep't of Transp. v. Beckner,* 74 S.W.3d 98, 103 (Tex.App.–Waco 2002, no pet.) (looking to *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex. 2000) and *Sierra Club v. Natural Res. Conserv. Com'n,* 26 S.W.3d 684 (Tex.App.–Austin 2000, no pet.) the court held the forty-day deadline of section 410.252 was a limitations period and not a jurisdictional requirement). *Cf. Ealey v. Ins. Co. of North Am.,* 660 S.W.2d 50, 52 (Tex. 1983) (in dicta, court noted compliance with twenty-day deadline of predecessor of section 410.252(a) was necessary to invoke the district court's jurisdiction). SORM's contentions on appeal do not make it necessary for us to determine whether its failure to join the City within the forty-day period of section 410.252(a) implicated the subject-matter jurisdiction of the trial court or transgressed a limitations statute implicating the merits of the case.

City because the City was cognizant of the facts placed in issue by the suit and was not misled or disadvantaged in obtaining relevant evidence to defend the suit. It supports this theory with *Continental Southern Lines Inc. v. Hilland*. 528 S.W.2d 828 (Tex. 1975).

The plaintiff in *Hilland* was injured while leaving a bus marked "Continental Trailways." Within the applicable limitations period, she sued Continental Trailways, Inc., a separate and distinct legal entity from the actual owner of the bus, Continental Southern Lines, Inc. More than two years after the accident, the plaintiff amended her petition naming Continental Southern a defendant. Continental Southern asserted the action was barred by the two-year stature of limitations. *Id.* at 829. The Supreme Court found the two bus companies made a conscious effort to publically appear they were "Continental Trailways" and this confusion kept the plaintiff from naming the correct party. The court determined in the interest of justice the plaintiff "should be given . . . an opportunity to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Id.* at 831.

We find *Hilland* inapposite to the case at bar. Rather, the instant matter is akin to *Flour Bluff Independent School District v. Bass*, a workers' compensation case. 133 S.W.3d 272 (Tex. 2004) (per curiam). Bass, an employee of Flour Bluff Independent School District, sought judicial review of an adverse appeals panel decision through a suit filed with one day remaining of the forty-day limitations period of section 410.252(a). Bass named as sole defendant the Texas Association of School Boards (TASB), the third-party administrator of workers' compensation benefits for Flour Bluff. The proper defendant was

6

Flour Bluff, who Bass joined in an amended pleading filed outside the limitations period. The trial court granted Flour Bluff's motion for summary judgment on the ground of limitations. 133 S.W.3d at 273. The court of appeals reversed, finding a fact issue on whether limitations were tolled against Flour Bluff when Bass mistakenly named TASB the defendant in her original petition. The court of appeals reasoned a limitations period is tolled in a misidentification case if the plaintiff proves the correct defendant was cognizant of the facts placed in issue by the suit and was not mislead or placed at a disadvantage by the claimant's pleading omission. *Id.* at 274. Disagreeing, the Supreme Court held in a misidentification case, limitations are tolled "if there are two separate, but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." In rendering judgment that Bass take nothing, the court found Flour Bluff and TASB were two distinct parties that did not operate under a similar trade name. *Id.* Thus, Bass was required to sue Flour Bluff within the forty-day limitations period. *Id.*

The City and TML Risk Pool, an administrative agency, are separate entities, but they are not related entities that operate or carry on their respective functions under a similar trade name. *See Tex. Mun. League v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 379 (Tex. 2002); *Tex. Mun. League Intergovernmental Risk Pool v. Burns,* 209 S.W.3d 806, 813 (Tex.App.–Fort Worth 2006, no pet.) (describing Texas Municipal League Risk Pool). We find the forty-day time period of section 410.252(a) was not tolled when SORM sued TML Risk Pool but not the City.

Because the City was not sued within the statutory forty-day period, we find the trial court did not err in dismissing the City and TML Risk Pool.  We overrule SORM's first issue.

In its second issue, SORM argues the trial court erred by granting Rachel Herrera's plea to the jurisdiction.  SORM does not challenge the trial court's judgment dismissing the Herrera children.  We have found the City was not timely sued and its dismissal on limitations grounds proper.  But SORM named Rachel Herrera and TML Risk Pool in its timely filed original petition.  After finding the City was not timely sued, the trial court dismissed the entire case finding it lacked jurisdiction to proceed in the absence of the City.

We thus consider whether the City was an indispensable party in whose absence the suit could not proceed.  Rule of Civil Procedure 39 provides a pragmatic rather than mechanical approach to dealing with a defect in parties.  *See Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex. 1982) (per curiam) (*citing Cooper v. Tex. Gulf Indus., Inc.,* 513 S.W.2d 200, 203 (Tex. 1974)); *see* Tex. R. Civ. P. 39.  Applying the rule, a trial court determines whether in equity and good conscience the action may proceed or should be dismissed as the absent person is indispensable.  Tex. R. Civ. P. 39(b).  To reach this determination it, *inter alia*, considers the adequacy of a judgment reached in the absence of a person.  *Id.*  Under modern rules it is a rare case that requires dismissal in the absence of a person.  *See Cox,* 638 S.W.2d at 868.  Yet the underlying case presented such a situation.  *See April Sound Mgmt. Corp. v. Concerned Prop. Owners for April Sound, Inc.,* 153 S.W.3d 519, 526 (Tex.App.–Amarillo 2004, no pet.) (in declaratory judgment action failure to join affected property owners); *Gilmer Indep. Sch. Dist. v. Dorfman,* 156 S.W.3d 586, 588-89

8

(Tex.App.–Tyler 2003, no pet.) (in property owner's suit to have two chapters of Education Code declared unconstitutional commissioner of education was indispensable party whose absence required dismissal of underlying suit). The merits issue SORM presented for adjudication by its live petition was liability, as between two insurance carriers, for payment of the Herrera death claim. As noted, the insurance carriers were SORM and the City. TML Risk Pool is not an insurance carrier. In the absence of the City, therefore, the issue raised by SORM's petition could not be joined. The trial court did not err in dismissing the remainder of the case in the absence of the City. We overrule the second issue of SORM.

In its third issue, SORM argues the trial court erred by granting the supplemental motion to enforce attorney's fees of officer Herrera's parents, Robert and Elva Herrera, and his brother, Manuel Herrera. In its live petition, SORM added those three individuals as defendants along with the four minor children of officer Herrera. Rachel Herrera was sued under SORM's original petition. SORM made no challenge of payment of death benefits to Rachel Herrera and the Herrera children.

In a supplemental motion for attorney's fees, Robert, Elva, and Manuel Herrera sought an award of attorney's fees for defending a cause of action brought against them by a state agency that was frivolous, unreasonable or without foundation. *See* Tex. Civ. Prac. & Rem. Code Ann. Ch. 105 (Vernon 2005). On hearing the motion, the trial court awarded them attorney's fees of $13,000.50 with an additional $10,000 award for appeal to the court of appeals and a like amount for review by the Supreme Court of Texas. SORM contends it possessed a good faith foundation for joining all possible death beneficiaries.

9

We review the trial court's decision to award attorney's fees under Chapter 105 for abuse of discretion. *Attorney General of the State of Texas v. Johnson,* 791 S.W.2d 200, 203 (Tex.App.–Fort Worth 1990, no writ).

The priority for payment of benefits on the death of an employee is established by section 408.182. In pertinent part, the statute provides benefits are payable one-half to an eligible spouse of the deceased employee and one-half, divided in equal shares, to eligible children of the employee. Section 408.182(a). An eligible child of a deceased employee is, *inter alia,* a minor and an eligible spouse is the surviving spouse of the deceased employee. Section 408.182(f)(1)(A)&(3). SORM never alleged Rachel Herrera and the Herrera children were not "eligible" as defined by section 408.182. When the decedent is survived by an eligible spouse and an eligible child, the parents and siblings of the decedent are not entitled to a distribution of statutory death benefits.

Civil Practice & Remedies Code section 105.002 provides:

> A party to a civil suit in a court of this state brought by or against a state agency in which the agency asserts a cause of action against the party, either originally or as a counterclaim or cross claim, is entitled to recover, in addition to all other costs allowed by law or rule, fees, expenses, and reasonable attorney's fees incurred by the party in defending the agency's action if:
>
> (1) the court finds that the action is frivolous, unreasonable, or without foundation; and
>
> (2) the action is dismissed or judgment is awarded to the party.

Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (Vernon 2005). SORM non-suited its claims against Robert, Elva, and Manuel Herrera.[8] The issue on appeal is whether the suit against those defendants was frivolous, unreasonable, or without foundation according to section 105.002.

By its live pleading SORM sought a declaration of the carrier liable for payment of death benefits. It nevertheless sued Rachel Herrera and the Herrera children while expressly acknowledging in the petition that the children were minors. Based on SORM's pleaded legal theory and party allegations, we see no arguable basis for suing Robert, Elva, and Manuel Herrera at the time it joined these defendants to the suit. *See Johnson,* 791 S.W.2d at 203 (claim subject to sanction of Chapter 105 when totality of evidence failed to demonstrate an arguable basis).

SORM complains that the order on supplemental motion for attorney's fees includes attorney's fees incurred by Robert, Elva, and Manuel Herrera in *Herrera I* and because these defendants did not there prevail they are not entitled to corresponding appellate attorney's fees. The foundation of this argument is the requirement of section 408.221(c) that a claimant prevail on an issue on which the carrier sought judicial review. But the movants also based their supplemental motion to enforce attorney's fees on Civil Practice & Remedies Code section 105 which does not condition recovery on the movant "prevailing."

---

[8] SORM does not contest the characterization of a non-suit as a dismissal for purposes of Civil Practice & Remedies Code section 105.002 and we express no opinion on the question.

11

We conclude that trial court did not abuse its discretion in awarding Robert, Elva, and Manuel Herrera attorney's fees. SORM's third issue is overruled.

By its fourth issue, SORM argues the trial court erred by denying its motion for sanctions. Through five orders of May 19, 2005, the trial court awarded the Herrera defendants attorney's fees for representation during the period November 18, 2004 through April 13, 2005, as well as appellate attorney's fees conditioned on success at each appellate level of *Herrera I*. Following remand, SORM filed a notice of non-suit of Robert, Elva, and Manuel Herrera. These three defendants then filed a motion to enforce the attorney's fees awarded them through the May 19 orders. SORM responded in part with a motion seeking sanctions against the attorney for Robert, Elva, and Manuel Herrera. As the basis for its request, SORM asserted language in this court's opinion in *Herrera I* rendered the May 19 orders on attorney's fees "null and void." Following a hearing, the trial court denied the motion for sanctions. The Herrera defendants then filed the supplemental motion for attorney's fees, noted above, which resulted in an award to them of $13,000.50.

We review a trial court's decision to grant or deny a motion for sanctions under an abuse of discretion standard. *Herring v. Welborn,* 27 S.W.3d 132, 143 (Tex.App.–San Antonio 2000, pet. denied). In order for a party seeking sanctions to prevail, there must be little or no basis for claims, no grounds for legal arguments, misrepresentation of law or facts, or legal action that is sought in bad faith. *Id.* A trial court abuses its discretion in imposing or denying sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Monroe v. Grider,* 884 S.W.2d 811, 816 (Tex.App.–Dallas 1994, writ denied).

12

In support of this issue, SORM does not discuss and present legal authorities for its premise that the opinion in *Herrerra I* rendered the May 19 orders "null and void." Nor does it provide a discussion of the bases for sanctions it raised in the trial court and why, under controlling authorities, the trial court abused its discretion by failing to grant relief. In our review of the record we nevertheless have examined the theories SORM raised in the trial court in support of its motion. It broadly alleged the conduct of counsel for the Herrera defendants warranted sanctions according to "Rule 3 and Rule 8" of the Disciplinary Rules,[9] the Texas Lawyer's Creed,[10] the Texas Rules of Evidence, the Texas Rules of Civil Procedure, and Government Code section 82.061.[11]

In a one-sentence argument supporting this issue, SORM additionally contends the trial court erred by awarding Robert, Elva and Manuel Herrera attorney's fees of $5,125 for defending SORM's motion for sanctions. The allegation includes no citation to the record or authority as required by Appellate Rule 38.1. Tex. R. App. P. 38.1(h). Even setting this procedural shortcoming aside for the sake of argument, the issue lacks merit. Nowhere in the record does an order appear awarding those defendants attorney's fees of $5,125. As discussed above, the trial court did not abuse its discretion by awarding these defendants

---

[9] Texas Disciplinary Rules of Professional Conduct *reprinted in* Tex. Gov't Code Ann., tit. 2 subtit. G app. A (Vernon 2005 & Supp. 2008).

[10] Texas Lawyer's Creed–A Mandate for Professionalism, (adopted by the Supreme Court of Texas and the Court of Criminal Appeals, November 7, 1989), *reprinted in* Texas Rules of Court 759 (West 2009).

[11] *See* Tex. Gov't Code Ann. § 82.061 (Vernon 2005) which allows a court to punish an attorney by fine or imprisonment for misbehavior or contempt.

attorney's fees of $13,000.50 on a motion seeking relief under section 105 of the Civil Practice & Remedies Code.

Given the disputed legal question on which SORM predicated its motion for sanctions and the vague nature of its allegations, we cannot say the trial court abused its discretion by denying the motion for sanctions. We overrule the fourth issue of SORM.

By its fifth issue, SORM challenges the trial court's award of attorney's fees to Rachel Herrera. In an order signed June 19, 2007, the trial court awarded Rachel Herrera and the Herrera children attorney's fees for work performed from May 24, 2006 through June 19. SORM does not challenge the award to the Herrera children.

SORM conditions its fifth issue on this court reversing the trial court's order sustaining Rachel Herrera's plea to the jurisdiction. Thus, argues SORM, Rachel Herrera would then no longer occupy the status of a prevailing party for recovery of attorney's fees under section 408.221(c).[12] Because we will affirm the trial court's judgment dismissing the entire case, Rachel Herrera was a prevailing party and the trial court did not abuse its discretion by awarding her attorney's fees through its June 19 order. We overrule SORM's fifth issue.

---

[12] In relevant part, section 408.221(c) provides:
An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier....

14

Conclusion

Having overruled each of SORM's issues on appeal, we affirm the judgment of the trial court.


James T. Campbell
Justice