**Affirmed in Part and Reversed and Rendered in Part and Memorandum Opinion filed February 3, 2026**



In The

# Fifteenth Court of Appeals

_____

## NO. 15-25-00087-CV

_____

### PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellant

### V.

### DWIGHT WAGNER, Appellee

**On Appeal from the 58th District Court
Jefferson County, Texas
Trial Court Cause No. 24DCCV2154**

## MEMORANDUM OPINION

The Port Arthur Independent School District (District) refused to renew Dwight Wagner's one-year term contract because the funding for his position would expire at the end of the year. Wagner appealed to the Commissioner of Education, and when that failed to the trial court. The District filed a plea to the jurisdiction seeking dismissal because Wagner did not join the Commissioner within 30 days and his declaratory judgment claim was redundant. The trial court denied the plea.

We affirm in part and reverse and render in part.

## BACKGROUND

Wagner worked for the District as an assistant principal for the 2023-24 school year under a term contract. In July of 2023, the District notified him it would not renew his contract because the funding for his position had expired. Wagner requested a hearing before an independent hearing examiner.[1] The examiner issued a decision finding that the District did not act unlawfully and recommended upholding the decision. The school board adopted the decision, and Wagner appealed to the Commissioner of Education.[2] The Commissioner agreed with the school board and allowed Wagner's motion for rehearing to be denied by operation of law.[3]

Section 21.307 of the Education Code governs judicial review of the Commissioner's decision. Two subparts are relevant here:

- 21.307(b): "An appeal under this section must be perfected not later than the 30th day" after notice of the decision or denial of rehearing; and

- 21.307(c): "The commissioner and each party to the appeal to the commissioner must be made a party to an appeal."

Wagner timely filed a petition seeking to reverse the Commissioner's decision. He also asked the court to declare under the Uniform Declaratory Judgment Act (UDJA) that the District's "failure to follow its reduction in force policies violated Wagner's due process rights" and award him attorney's fees. But Wagner's

---

[1]     TEX. EDUC. CODE § 21.207(a).

[2]     *See id.* § 21.209.

[3]     *See id.* § 21.3041(c) ("A request for rehearing is denied by operation of law if the commissioner does not issue an order before the 45th day after the date the party or the party's representative receives notice of the commissioner's decision.").

2

original petition named only the District as a defendant. He did not add the Commissioner as a party until an amendment four months later.

The District filed a plea to the jurisdiction asserting that compliance with the joinder requirement in subpart (c) is a jurisdictional prerequisite, and that his requests for declaratory relief were barred under the redundant remedies doctrine. The trial court overruled the plea. The District timely appealed.[4]

# DISCUSSION

A plea to the jurisdiction challenges whether a court has jurisdiction to decide a case.[5] When a jurisdictional challenge rests on the sufficiency of the pleadings (as here), we must "determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause."[6] We review a trial court's ruling on a plea to the jurisdiction, including questions of statutory construction, de novo.[7]

## A. Jurisdictional Prerequisite

Sovereign immunity protects the State and state officials from suit absent waiver.[8] The Legislature may waive immunity by clear and unambiguous language.[9] Government Code § 311.034 provides: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."[10] Under the statute, a prerequisite is jurisdictional if it (1) is

---

4      TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

5      *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024).

6      *Id.*

7      *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

8      *Id.* at 387–88.

9      TEX. GOV'T CODE § 311.034.

10      *Id.*

"found in the relevant statutory language," (2) is "a requirement," and (3) "must be met *before* the lawsuit is filed."[11] But as the Supreme Court later clarified, element (3) depends on the text of the deadline in the relevant statute that turns a requisite act into a *pre*requisite—specifically, whether it must occur before suit is "*filed*,"[12] or before suit is *brought* (which is not always the same),[13] or some other marker.

Here, Education Code § 21.307(b) provides that an appeal "must be *perfected* not later than the 30th day after" a decision or denial of rehearing.[14] The District argues that joinder of the Commissioner falls within the ordinary meaning of "perfect": "to take all legal steps needed to complete, secure, or record (a claim, right, or interest)."[15] But the District also acknowledges that § 21.307 "does not explicitly state that the Commissioner must be joined within the 30-day period." To fill the gap, the District falls back on the principle that statutes must be read as whole.

But while joinder of the Commissioner is a mandatory requirement found in the statutory text, it is hard to label it a "*pre*requisite" when the statute does not say *when* it must take place. Nor does the Education Code define when suit is "perfected." Absent a statutory definition, we give undefined words their "common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result."[16]

---

[11]     *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 298 (Tex. 2024) (emphasis added).

[12]     *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 505 (Tex. 2012) (applying text of Tex. Labor Code § 21.202 requiring that discrimination complaint "must be *filed* not later than the 180th day after the date the alleged unlawful employment practice occurred").

[13]     *See Tanner*, 689 S.W.3d at 300 (applying text of Tex. Civ. Prac. & Rem. Code § 16.003(a) requiring that a plaintiff "must *bring suit* … not later than two years after the day the cause of action accrues.")

[14]     TEX. EDUC. CODE § 21.307(a)–(b).

[15]     *Perfect*, BLACK'S LAW DICTIONARY 1370 (12th ed. 2024).

[16]     *Baumgardner v. Brazos River Auth*., 714 S.W.3d 597, 601–02 (Tex. 2025).

4

The most common use of *perfected* in relation to an appeal arises from our rules of appellate procedure. Rule 25.1(a) of those rules provides: "An appeal is perfected when a written notice of appeal is filed with the trial court clerk."[17] The context in that rule is an appeal *from* a trial court to an appellate court, not from an agency order *to* a trial court. Yet the same concept applies to perfecting an appeal from an agency order to a trial court under the APA,[18] and courts often refer to filing a petition for review of agency actions as "perfecting" an appeal.[19]

By contrast, Texas procedural rules do not generally impose a deadline on joinder of parties. Rule 37 provides that "necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant" at any time that does not "unreasonably delay the trial of the case."[20] And Rule 41 provides the "[m]isjoinder of parties is not ground for dismissal of an action."[21]

Finally, we note that the Legislature used different subparts for the two provisions here, putting the deadline for perfection in subpart (b) and the requirement to join the Commissioner in subpart (c). Under the "scope of subparts" canon, "[m]aterial within an indented subpart relates only to that subpart."[22] By

---

[17] TEX. R. APP. P. 25.1(a).

[18] *See* TEX. GOV'T CODE § 2001.176(a) ("A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable.").

[19] *See, e.g.*, *Vista Med. Ctr. Hosp. v. Tex. Mut. Ins. Co.*, 416 S.W.3d 11, 20–21 (Tex. App.—Austin 2013, no pet.) (noting insurer "timely perfected a suit for judicial review" and citing § 2001.176); *State Office of Risk Mgmt. v. Herrera*, 288 S.W.3d 543, 547 n.4 (Tex. App.—Amarillo 2009, no pet.) (citing § 2001.176(a) as "providing thirty-day period to perfect judicial review").

[20] TEX. R. CIV. P. 37.

[21] *Id.* R. 41.

[22] Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 156 (2012); *accord, Jody James Farms, JV v. Altman Group, Inc.,* 547 S.W.3d 624, 634 (Tex. 2018).

choosing to list the joinder requirement separately from the 30-day deadline, the Legislature made the two requirements "textually and structurally independent."[23]

We do not doubt that the Legislature could make joinder of the Commissioner a statutory *pre*requisite to appeal from his orders. But it has not done so here. We hold that Wagner timely perfected his administrative appeal by filing a written notice of appeal within the 30 days required by § 21.307(b).

## B. Redundant Remedies

The District also asserts that Wagner's suit for a declaratory judgment is barred by the "redundant remedies doctrine." Under that doctrine, "courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels."[24] But the doctrine does not bar a declaratory judgment that "goes beyond reversal of an agency order."[25]

In his petition, Wagner asked the district court to reverse the Commissioner's decision and render judgment reinstating him to his former position, or to order the Commissioner "to properly apply the District's reduction in force policies," and declare that the District's "failure to follow its reduction in force policies" violated his due process rights. [CR 11]. Yet he does not articulate a remedy for the due-process violation apart from reversal of the Commissioner's order as applied to him. Because the only remedy pleaded under his UDJA claim is one that he could pursue in his § 21.307 appeal from the Commissioner's order, his remedy if at all must be sought through the statutory avenue the Legislature expressly provided.[26]

---

[23]    *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 491 (Tex. 2019).

[24]    *Gonzalez v. Tex. Med. Bd.*, 722 S.W.3d 848, 851 (Tex. 2025).

[25]    *Id.* at 851–52.

[26]    *See id.* at 851.

## CONCLUSION

We reverse the district court's order in part and render judgment dismissing the declaratory-relief claims for lack of jurisdiction. The order is otherwise affirmed.


/s/     Scott A. Brister

Scott A. Brister
Chief Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.