In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-25-00158-CV
_____

## TEXAS ASSOCIATION OF COUNTIES
## RISK MANAGEMENT POOL, Appellant

## V.

## DIANNA ADAMS, AS SURVIVING SPOUSE OF NEIL ADAMS, Appellee

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV17,490**

## MEMORANDUM OPINION

This is an interlocutory appeal filed by the Texas Association of Counties Risk Management Pool (TACRMP) arising out of a suit filed by Dianna Adams after her workers' compensation claim for the death of her husband, Neil, was denied by the Texas Department of Insurance, Division of Workers' Compensation Appeals Panel (DWC). The trial court denied TACRMP's plea to the jurisdiction based on governmental immunity and granted Dianna's motion for summary judgment

1

asserting Neil was in the course and scope of his employment for San Jacinto County when he was shot and killed. TACRMP filed this interlocutory appeal. In two issues, the TACRMP challenges the trial court's jurisdiction.

## Background

Neil Adams was employed as a deputy constable with the San Jacinto County's Constable Office.[1] In addition to his duties as a deputy constable, Neil provided private security for the Sharpstown Mall in Houston. On February 23, 2022, Neil was working private security at the mall dressed in his constable uniform. Neil was called to a store regarding an angry customer and a declined credit card. During the altercation, the customer grabbed Neil's service firearm and shot and killed him.

Neil's widow, Dianna, filed for workers' compensation death benefits from San Jacinto County. The County disputed the claim on the basis that Neil was not in the course and scope of his employment when he was killed because he was working a private job outside his jurisdiction. After a contested case hearing, the DWC concluded that Neil was not working in the course and scope of his employment when he was shot, and that Neil was killed due to a personal reason and not because he was an employee of the constable's office or because of his employer.

---

[1]Since Dianna and Neil share the same last name, we will use their first names.

In February 2023, Dianna filed for judicial review of the DWC's decision. In her petition, Dianna sought relief under the Workers' Compensation Act, arguing that Neil was in the course and scope of his employment with San Jacinto County when he was killed. Dianna also requested declaratory and injunctive relief, arguing that the trial court should declare the law in Texas is that a police officer:

> (1) is immediately in the course and scope of employment under [Texas Labor Code section] 410.252 and the below laws when a disturbance of the peace or a crime occurs in the officer's presence; (2) a Texas Peace Officer working an extra duty job remains in the course and scope of employment as a Texas Peace Officer for the employing governmental entity, including a Texas political subdivision, especially when authorized to perform such extra duty work at any other location in Texas especially while in uniform as authorized by and for the governmental entity; and (3) the personal animosity exception does not apply to strangers where an encounter occurs as a result of work.

San Jacinto County—named in the petition as a "potential defendant"—filed an original answer, and TACRMP—named as the defendant—filed a Plea to the Jurisdiction and Original Answer, asserting the following:

> Plaintiff's employer, San Jacinto County, self-insures for workers' compensation through participation in an Interlocal Participation Agreement which is administered by [TACRMP]. Texas Labor Code section 504.011(c) permits political subdivisions to enter into an interlocal agreement with other political subdivisions providing for self-insurance. [TACRMP] pools and administer counties' workers' compensation self-insurance as authorized by Texas Labor Code section 504.011 through an interlocal fund.
>
> . . . .
>
> [TACRMP] was created as an administrative agency of cooperating local governments pursuant to the Interlocal Cooperation Act [Texas

3

Government Code Chapter 791]. As such, it is a governmental entity subject to governmental immunity. Through interlocal agreements, the [TACRMP] pools and administers counties' workers' compensation self-insurance as authorized by Texas Labor Code section 504.011. Therefore, as noted above, San Jacinto County is self[-]insured for purposes of workers' compensation benefits to its employees. To the extent that [TACRMP] is administering San Jacinto County's self-insured workers' compensation program, [TACRMP] is furthering the affairs of San Jacinto County in administering San Jacinto County's workers' compensation claims, and such claims are barred by governmental immunity.

TACRMP also asserted that Dianna was not entitled to a declaratory judgment, because "[w]hen a statute provides an avenue for attacking a final agency order, a declaratory judgment action directed at that order will not lie." TACRMP subsequently filed an amended plea to the jurisdiction and Motion for Summary Judgment, arguing again that the risk management pool is a governmental unit entitled to governmental immunity and that the redundant remedies doctrine applied to Dianna's claims.[2] TACRMP attached the following exhibits to its amended plea to the jurisdiction:

Exhibit A: DWC's Decision and Order

Exhibit B: Plaintiff's Motion for Summary Judgment & Notice of Hearing

---

[2]This amended Plea to the Jurisdiction and Motion for Summary Judgment was filed after the trial court signed an order on February 14, 2024, denying TACRMP's original plea to the jurisdiction.

4

Dianna moved for summary judgment against TACRMP. She attached the following exhibits to her motion:

Exhibit A: TDI-DWC Certified Hearing File copy of DWC Contested Case Hearing Decision and Order and Appeals Panel Finality Notice

Exhibit B: Certified Copy of Claimant's Exhibits from DWC Contested Case Hearing

Exhibit C: Certified Copy of Carrier's Exhibits from DWC Contested Case Hearing

Exhibit D: Transcript of DWC Contested Case Hearing

The trial court denied TACRMP's plea to the jurisdiction and granted Dianna's motion for summary judgment. TACRMP filed this interlocutory appeal.

On appeal, TACRMP argues the trial court erred by denying its plea to the jurisdiction, because it is not a proper defendant due to governmental immunity, and no basis exists for waiver of governmental immunity. TACRMP also contends that we should reverse the trial court's judgment and denial of TACRMP's plea to the jurisdiction because the Uniform Declaratory Judgments Act (UDJA) cannot be used to expand the scope of judicial review. Finally, the UDJA action is redundant because of the judicial review proceeding, and thus unfounded.

**Issue One**

In its first issue, TACRMP argues that the trial court erred when it denied its Plea to the Jurisdiction because it is a governmental entity entitled to governmental

immunity, and there is no waiver of immunity entitling Dianna to pursue her claims against TACRMP.

Unless waived by the Legislature, governmental immunity generally protects political subdivisions of the state from suit. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011). "[I]mmunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). "Whether governmental immunity has been waived in a given case implicates subject-matter jurisdiction." *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 130 (Tex. 2024).

Subject-matter jurisdiction is essential to a court's authority to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 443-44 (Tex. 1993). We interpret statutory waivers of immunity narrowly, since the Legislature's intent to waive immunity must be "effected by clear and unambiguous language." *See* Tex. Gov't Code Ann. § 311.034; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Whether subject-matter jurisdiction exists due to waiver of immunity is a question of law, and we review the trial court's ruling on a plea to the jurisdiction *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

A county is a political subdivision of the state. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). Both parties acknowledge San Jacinto County was Neil's employer. Chapter 504 of the Texas Labor Code requires political subdivisions to provide workers' compensation benefits to their employees, by:

(1) becoming a self-insurer;

(2) providing insurance under a workers' compensation insurance policy; or

(3) entering into an interlocal agreement with other political subdivisions providing for self-insurance.

Tex. Lab. Code Ann. § 504.011.

Texas Government Code Chapter 2259 allows governmental units to self-insure against "any insurable risk or hazard." *See* Tex. Gov't Code Ann. § 2259.031(a). Chapter 791, the "Interlocal Cooperation Act," allows a local government to contract with other local governments to collectively perform "governmental functions in which the contracting parties are mutually interested." *See Id*. §§ 791.003(N), 791.011. When "two or more political subdivisions collectively self-insur[e] under an interlocal contract under Chapter 791," the Labor Code refers to such political subdivisions as a "pool[.]" *See* Tex. Lab. Code Ann. § 501.001(4). Such pools are also governmental units entitled to governmental immunity. *See Ben Bolt*, 212 S.W.3d at 324-25 (concluding "[T]he Fund itself would

7

appear to enjoy local-government status under the Act."). As a pool of self-insured governmental units authorized by Chapters 791 and 2259, TACRMP is a governmental unit entitled to immunity unless such immunity has been waived by statute, the question we address next.[3]

The Workers' Compensation Act provides, "An *insurance carrier* is liable for compensation for an employee's injury[.]" *See* Tex. Lab. Code Ann. § 406.031(a) (emphasis added). The Act defines "insurance carrier" to include "a governmental entity that self-insures, either individually or collectively." *Id*. § 401.011(27)(D). Combined, sections 406.031(a) and 401.011(27)(D) clearly express the legislature's intent to waive governmental immunity for workers' compensation claims against

---

[3]Although we agree TACRMP is a governmental unit, we disagree with the parties' reliance on Local Government Code chapter 119 for this conclusion. Chapter 119 authorizes "the County Government Risk Management Pool" to insure counties "against *liability for* the *acts or omissions* of that county and the officials and employees of that county under the law." *See* Tex. Loc. Gov't Code Ann. § 119.002(a) (emphasis added). Although a footnote in *Tex. Ass'n Gov't Risk Mgmt. Pool v. Matagorda Cnty.*, indicates the pool involved in that case was authorized under Local Government Code chapter 119 and Government Code chapter 791, *Matagorda* involved a third-party liability claim, not a workers' compensation claim, and the pool in question was the "Texas Association of Counties *County Government* Risk Management Pool" which closely tracks the name of the liability coverage pool authorized by chapter 119 but differs slightly from the name of the entity involved in this workers' compensation case. 52 S.W.3d 128, 129, n.1 (Tex. 2000) (emphasis added). Therefore, although we conclude Local Government Code chapter 119 does not apply, we nevertheless conclude, based on Government Code Chapters 791 and 2259 and *Ben Bolt,* that TACRMP is a governmental unit entitled to governmental immunity unless a waiver of immunity applies.

governmental entities that qualify as insurance carriers by self-insuring, individually or collectively. *Id*. §§ 401.011(27)(D), 406.031(a).

There is no assertion in this case that TACRMP insures *itself* for workers' compensation claims, but even if it does, Dianna would have no such claim against TACRMP since Neil was not TACRMP's employee. Rather, Dianna claims TACRMP is an insurance carrier because it provides workers' compensation coverage to counties such as San Jacinto. If true, this would make TACRMP a governmental entity that insures other governmental entities, not "a governmental entity that self-insures, either individually or collectively." San Jacinto County, on the other hand, is a governmental entity that self-insures collectively with other counties. It does so through its participation in a "pool" as permitted by Labor Code sections 504.011(3), 501.001(4) and Government Code chapters 791 and 2259. San Jacinto County, therefore, was both Neil's employer and the "insurance carrier" against whom a workers' compensation claim could be filed for Neil's death. *See Tex. Mun. League v. Burns*, 209 S.W.3d 806, 812-13 (Tex. App.—Fort Worth 2006, no pet.) *overruled on other grounds, Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 291 (Tex. 2019) (the city, rather than the pool, was the "proper 'insurance carrier' under the labor code"); *see also State Office of Risk Mgmt. v. Herrera*, 288 S.W.3d 543, 549 (Tex. App.—Amarillo 2009, no pet.) (same). Because TACRMP was not an "insurance carrier" under section 401.011(27)(D), the waiver of immunity

provided by sections 406.031(a) and 401.011(27)(D) does not apply to TACRMP. Tex. Lab. Code Ann. §§ 401.011(27)(D), 406.031(a).

Nevertheless, Dianna argues TACRMP is the insurance carrier in this case because the DWC's Decision and Order lists the "true corporate name" of the insurance carrier as "San Jacinto County, by and through [TACRMP]," and provides contact information for a representative at TACRMP, rather than the County. But listing "San Jacinto County, by and through [TACRMP]," as the insurance carrier is not the same as listing "TACRMP" as the carrier, and we note that TACRMP's contact information was required by statute to be provided to Dianna so she could comply with the written notice requirements of section 504.002(d) of the Act, which provides,

> For the purpose of applying the provisions listed by Subsection (a) [incorporating various provisions of the Act into chapter 504 which deals with political subdivisions], "written notice" to a political subdivision that self-insures, either individually or collectively through an interlocal agreement as described by Section 504.011, occurs only on written notice to the intergovernmental risk pool or other entity responsible for administering the claim.

*Id*. § 504.002(d).

Dianna also argues that she is not bound by the ombudsman's stipulation during the DWC contested case hearing that San Jacinto County is the "insurance carrier," but we need not consider this argument since we rely on the statutes, rather than the stipulation, for our conclusion.

10

Because TACRMP is entitled to governmental immunity and that immunity was not waived, the trial court erred by denying TACRMP's plea to the jurisdiction with respect to Dianna's workers' compensation claim. We sustain TACRMP's first issue.

**Issue Two**

In its second issue, TACRMP argues the trial court erred when it denied its plea to the jurisdiction with respect to Dianna's declaratory judgment action because that remedy is not available based on governmental immunity and the redundant remedies doctrine.

"Generally, sovereign immunity deprives a trial court of jurisdiction over a lawsuit in which a party has sued the State or a state agency unless the Legislature has consented to suit." *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). The UDJA "permits a person who is interested in a deed, or whose rights, status, or other legal relations are affected by a statute, to obtain a declaration of rights, status, or other legal relations thereunder." *Id*. However "there is no general right to sue a state agency for a declaration of rights." *Id*. The Texas Supreme Court in *Sawyer Trust*, explained that there are certain situations that allow waiver of immunity under the UDJA, such as immunity for claims challenging the validity of ordinances or statutes, "[b]ut generally, the [UDJA] does not alter a trial court's jurisdiction." *Id*. The UDJA "'does not waive the state's sovereign immunity when

11

the plaintiff seeks a declaration of his or her rights under a statute or other law.'"

*Jefferson Cnty. v. Stines*, 523 S.W.3d 691, 708 (Tex. App.—Beaumont 2017, *rev'd in part and vacated in part on other grounds*, 550 S.W.3d 178 (2018) (quoting *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 621 (Tex. 2011)). Dianna's petition sought the following declarations:

20. Dianna Adams, Plaintiff and Claimant, additionally requests declaratory relief and injunctive relief against Texas Association of Counties Risk Management Pool, Defendant. This declaratory relief sought should resolve this lawsuit as a matter of law.

21. Dianna Adams requests that this Court declare the law in Texas that a Texas Peace Officer, such as Deputy Neil Adams, (1) is immediately in the course and scope of employment under [Texas Labor Code Ann.] §410.252 and the below laws when a disturbance of the peace or a crime occurs in the officer's presence; (2) a Texas Peace Officer working an extra duty job remains in the course and scope of employment as a Texas Peace Officer for the employing governmental entity, including a Texas political subdivision, especially when authorized to perform such extra duty work at any other location in Texas especially while in uniform as authorized by and for the governmental entity; and (3) the personal animosity exception does not apply to strangers where an encounter occurs as a result of work.

22. Plaintiff seeks a declaration including that County deputies and city police officers are "peace officers" pursuant to Texas Code of Criminal Procedure Article 2.12. [Tex. Code Crim. Proc. Ann.] art. 2.12. The authority of any such peace officer extends to any place in the State of Texas and assigns the duty to every peace officer to preserve the peace within the entire State of Texas and not only the local jurisdiction through all lawful means. A peace officer shall perform the duties as required under the [Tex. Code Crim. Proc. Ann.] art. 2.13.

A peace officer also has the duty to try to prevent injuries in his or her presence in the entire State of Texas. [Tex. Code Crim. Proc. Ann.] art.

12

6.06. This would certainly include to themselves if being assaulted as here.

. . . .

23. Plaintiff also seeks a declaration that the personal animosity exception under [Texas Labor Code.] § 406.032 does not apply in situations described and applicable to this lawsuit.

24. Plaintiff asks this Court so declare the above law and enforce such against Defendant TACRMP. In *Nasser*, the Texas Supreme Court explained that the "**personal animosity** exception" excludes workers' compensation for injuries "resulting from a dispute which has been transported into the place of employment from the injured employee's private or domestic life, at least where the animosity is not exacerbated by the employment." *Nasser v. Sec. Ins. Co.*, 724 S.W.2d 17, 19, 30 (Tex. 1987); and *see Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805, 806-08 (Tex. 1999) (per curiam) (explaining personal animosity exception applies where something privately and personally brings about the injuries outside the workplace).

Dianna's petition did not challenge the validity of the statutes; instead, it sought a declaration of her rights, if any, under the statutes. *See id.* at 708-09. Accordingly, we conclude that the UDJA's limited waiver of immunity does not apply to Dianna's declaratory judgment claim, and the trial court erred in denying TACRMP's plea to the jurisdiction even if it properly construed Dianna's claim as seeking a declaration regarding how the statutes apply to Dianna's claims. *See id.*; *Sefzik*, 355 S.W.3d at 621. We sustain TACRMP's second issue. We need not reach the applicability of the redundant remedies doctrine nor any of TACRMP's remaining issues on appeal, as they would not afford TACRMP any greater relief. *See* Tex. R. App. P. 47.1.

13

## Conclusion

Having sustained TACRMP's first and second issues and having determined that any further analysis of its remaining subsidiary issues would entitle it no greater relief under the law, we reverse the trial court's judgment and render judgment dismissing Dianna's claims for want of jurisdiction.

REVERSED AND RENDERED.

KENT CHAMBERS
Justice

Submitted on January 15, 2026
Opinion Delivered May 7, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.